432 P.2d 43

**DAY & NIGHT HEATING COMPANY, Incorporated, a Utah corporation, Plaintiff and Appellant,**

v.

**C. M. RUFF, Defendant and Respondent. No. 10811.**

Supreme Court of Utah.

Sept. 22, 1967.

Watkins, Pace & Watkins, Lorin N. Pace, Salt Lake City, for appellant.

Roe, Jerman & Dart, B. L. Dart, Jr., Ralph L. Jerman, Salt Lake City, for respondent.

HENRIOD, Justice:

Action to recover a balance due for material and labor furnished for a home, where the court granted a motion to dismiss. Affirmed with costs to Ruff.

The action was based on the statute allowing recovery by a materialman against the owner who failed to require a bond from the contractor.[1] In this case the contractor went bankrupt,—hence this suit.

At the time plaintiff's cause of action arose, on December 1, 1964, a three-year statute of limitations within which one must file his complaint[2] was extant. Early in 1965, the legislature passed an act requiring the filing of such a complaint within one year after the effective date of the act which was May 15, 1965. Thus it is obvious that plaintiff had from December 1, 1964 to May 15, 1966, within which to file its complaint,—a period of 17½ months, which would seem to be a sufficient period within which to protect its claim. Nonetheless, plaintiff did not file suit until September 9, 1966,—some four months after the statutory deadline.

Plaintiff says 1) it should be entitled to rely on the three-year statute, and 2) that the 1965 legislation operated retroactively on the former, and destroyed some right plaintiff had. Not so.

The question of retroactivity is not involved in this case at all. The retroactivity argument has to do with legislation that at the time of enactment chops off forever a right subsisting under a previous statute at the chop-off time. In the instant case the right asserted was not chopped off at all, but the time to assert it may have been shortened. Certainly a person who is given 17½ months to assert it is not precluded from pursuing it.

---

1. Title 14-2-1, Utah Code Annotated 1953.

2. Title 78-12-26, Utah Code Annotated 1953.

One of the clearest expressions on the subject, to which we subscribe, was given in Earle v. Froedtert Grain & Malting Co.,[3] where the court said:

> The statute defining and allowing recovery for a preference creates a statutory, legal liability, subject to the limitation that a suit to enforce it must be commenced within six months from the time of filing the application for the appointment of a trustee, etc. The limitation is not one that goes to the remedy of a defendant, like the ordinary statute of limitations, but it goes to the cause of action or right to sue. The time prescribed— six months from the time of filing the application for appointment of the trustee for the commencement of the action—is a condition to the enforcement of the liability or the trustee's right of recovery an element in the right itself. The right falls with the failure to commence the action within the allotted time.

> We believe the new statute of limitations provided for a reasonable time within which to commence causes of action which accrued prior to its enactment. The six months' statute of limitations, provided for by the statute before us, operates in futuro from June 10, 1931, governs with respect to respondent's pre-existing cause of action, limits it, and the full time, allowed by the new statute within which to institute the action, became applicable to his cause of action. *The limitation prescribed by the new statute commenced when the cause of action was first subjected to the operation of the statute, that is, upon its effective date.* (Emphasis added.) [4]

The question raised as to whether Title 78-12-29, U.C.A. 1953, having to do with a one-year limitations statute with respect to penalty or forfeiture need not be canvassed in light of our conclusion hereinabove stated.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

---

3. 197 Wash. 341, 85 P.2d 264 (1939).
4. See also: 34 Am.Jur., Limitation of Actions, § 7; O'Donoghue v. State, 66 Wash.2d 787, 405 P.2d 258 (1965);

State Tax Comm. v. Spanish Fork, 99 Utah 177, 100 P.2d 575, 131 A.L.R. 816 (1940).