**CANADIAN INDEMNITY COMPANY, a Canadian corporation, Plaintiff,**

v.

**K & T, INC. d/b/a Budget Rent-a-Car of Salt Lake City, a Utah corporation; and General Accident Insurance Company, a Pennsylvania corporation, Defendants.**

No. Civ. 90–C–59A.

United States District Court,
D. Utah, C.D.

Sept. 17, 1990.

Dennis C. Ferguson, John R. Lund, Robert C. Keller, Snow, Christensen & Martineau, Salt Lake City, Utah, for plaintiff.

Donald J. Purser, William C. Halls, Purser, Okazaki & Berrett, Salt Lake City, Utah, for defendant General Acc.

Lincoln W. Hobbs, Donald J. Winder, Winder & Haslam, Salt Lake City, Utah, for K & T, d/b/a Budget.

## ORDER

ALDON J. ANDERSON, Senior District Judge.

## I. INTRODUCTION

Both of the defendants have filed separate motions that are now before the court. Defendant General Accident Insurance Company ("General Accident") has moved for summary judgment, and defendant K & T, Inc. d/b/a Budget Rent-a-Car of Salt Lake City ("Budget") has made a motion to dismiss alleging that the plaintiff, Canadian Indemnity Company ("Canadian Indemnity" or plaintiff), has failed to state a claim on which relief may be granted. Because the court finds that the plaintiff's claims are barred by the statute of limitations, the motions are granted.

## II. FACTUAL BACKGROUND

The plaintiff, Canadian Indemnity, is a Canadian insurance company that provided a comprehensive business liability insurance policy to Big Country Water Slides, Ltd. ("Big Country"). In the spring of 1984, Big Country contracted with a Utah company known as Supersliders for the sale of a waterslide to be constructed in Draper, Utah. Supersliders contracted with Ken Anderson to install the slide. As part of the agreement between Big Country and Supersliders, Big Country loaned one of its employees, Scott Roddick, to Anderson to assist in the installation of the waterslide. Early in 1984, Anderson came to Utah to meet with Roddick and review the site. Anderson rented a car from Budget and listed Roddick on the rental agreement as an additional driver. In the rental agreement, Budget agreed to provide liability insurance coverage to the driver in the amount of $100,000. Budget obtained $50,000 in coverage from the defendant General Accident and attempted to obtain an additional $50,000 in coverage from an insurance carrier who became insolvent before these proceedings arose. General Accident's policy provides coverage to the renter and defines the term "renter" to include any employer or employee of a renter.

On or about April 24, 1984, Roddick was involved in an auto-pedestrian accident in Salt Lake County severely injuring Daniel J. Pokorny. Following the accident, Anderson and Roddick returned the vehicle to Budget without notifying Budget of the accident, and after having repaired the damage to the vehicle. Budget did not learn of the accident until several weeks later. In 1986, Pokorny filed suit against several parties including Big Country, Roddick, and Anderson ("the Pokorny action"). General Accident defended and indemnified Anderson and Roddick, ultimately paying the policy limit of $50,000 in satisfaction of the claim, but did not defend Big Country. Canadian Indemnity defended Big Country in the Pokorny lawsuit and eventually paid $650,000 in settlement of that claim. During the suit, Big Country became aware of the insurance policy issued by General Accident and obtained it through discovery.

In this lawsuit, Canadian Indemnity alleges a breach of a duty to defend Big Country by General Accident and seeks to obtain reimbursement for the costs of defense incurred on Big Country's behalf. Additionally, Canadian Indemnity makes a claim against Budget for $50,000 representing the difference between the $100,000 in coverage called for in the rental agreement and the $50,000 in coverage provided by General Accident.

## III. ANALYSIS

### A. Applicable Statute of Limitations

The insurance policy upon which plaintiff bases its claim against General Accident was issued on March 1, 1984, and was effective until March 1, 1985. After the

insurance policy was issued, but prior to the alleged breach of a duty to defend, the Utah Legislature enacted Utah Code Ann. § 31A–21–313(1) (1986) which provides that:

> An action on a written policy or contract of insurance must be commenced within three years after the inception of the loss.

Plaintiff argues that Utah Code Ann. § 78–12–23 (1984), which provides a six-year limitation on any action based upon a contract in writing, should control because § 31A–21–313(1) was not yet enacted at the time the policy was issued. At issue then is whether plaintiff's claim is controlled by the six-year statute, which was in effect at the time the policy was issued, or the three-year statute, which was in effect when the Pokorny suit for which plaintiff claims a breach of a duty to defend was brought.

■ As a general rule, the statute of limitations controlling a cause of action is the statute in effect at the time the cause of action accrues. *See, e.g., J.E.S. v. F.F.,* 762 P.2d 703, 705 (Col.App.1988) ("The controlling statute of limitations is normally the statute in effect at the time the cause of action accrues."); *Gage v. Engelbert,* 114 Idaho 89, 753 P.2d 825, 826 (1988) ("The statute of limitations in effect when the right of action is deemed to accrue defines the statutory period unless the legislature provides otherwise."). As early as 1927, the Utah Supreme Court recognized that "[t]he statutes of limitation do not begin to run until a suit or cause of action exists." *Kimball v. McCornick,* 70 Utah 189, 259 P. 313, 317 (1927).

The Utah Supreme Court has recognized that the legislature may reduce the time for bringing a cause of action, even for an already existing cause of action.

> It is well established that the legislature may reduce a period of limitations and apply a new and shorter period to previously accrued causes of action, so long as a reasonable time is allowed to bring such an action; and that the effect of the new statute commences upon the effective date of the statute. The result of this is actually prospective in that the statutory change relates to procedures to occur in the future.

*Greenhalgh v. Payson City,* 530 P.2d 799, 803 (Utah 1975) (citations omitted). *See also Day & Night Heating Co. v. Ruff,* 19 Utah 2d 412, 432 P.2d 43, 44 (1967) (holding that a new one-year statute of limitations provided a reasonable time within which to commence causes of action which accrued prior to its enactment); *Vealey v. Clegg,* 579 P.2d 919 (Utah 1978). Thus, even if the six-year statute of limitations would have applied at the time the policy was issued by General Accident, it was the statute that applied at the time of the accrual of the cause which governs the limitations period.

■ A cause of action accrues upon the happening of the last event necessary to complete the cause of action. *Becton Dickinson & Co. v. Reese,* 668 P.2d 1254, 1257 (Utah 1983). Plaintiff alleges a breach of a duty to defend in the Pokorny action and claims damages for the attorney's fees and defense costs associated with defending that action. It was impossible for a cause of action for breach of a duty to defend to accrue until the underlying suit was filed in 1986, which was after the Utah Legislature had enacted a statute of limitations specifically applying to contracts of insurance.

The Utah Supreme Court in *Greenhalgh* expressed concern that a reasonable time be allowed in which to bring an action after the legislature shortens an existing limitation period. In this case, plaintiff had the full three-year limitation period in which to bring the action after it accrued. The court thus finds that Utah Code Ann. § 31A–21–313(1) is the proper statute of limitations to be applied in this case since it was enacted before the plaintiff's cause of action arose and it allowed the plaintiff the full length of the three-year limitations period in which to bring its action.

### B. Commencement of the Running of the Limitations Period

Since the three-year limitations period contained in § 31A–21–313(1) is controlling,

it is next necessary to determine when the limitations period began to run. The law of many states provides that a cause of action for breach of an insurer's duty to defend does not accrue until the conclusion by judgment or settlement of the underlying litigation against the insured. *See*, Annotation, *Limitation of Action Against Insurer for Breach of Contract to Defend*, 96 A.L.R.3d 1193 (1979). However, the court must construe the "inception of the loss" language contained in § 31A–21–313(1) with relation to the alleged breach of a duty to defend.

The word "inception" may be defined as the "act or process of beginning; commencement; initiation." Webster's New International Dictionary 1256 (2d Ed.1956). Similarly, Black's Law Dictionary defines "inception" as "commencement," "opening" or "initiation." Black's Law Dictionary 685 (5th Ed.1979). While the Utah Supreme Court has not specifically interpreted the term "inception of the loss" as it applies to an alleged breach of an insurer's duty to defend, it has interpreted the term as a limiting provision in insurance policies.

In *Anderson v. Beneficial Fire & Casualty Co.*, 21 Utah 2d 173, 442 P.2d 933 (1968), the Utah Supreme Court held that the term "inception of the loss" contained in an insurance policy relates to the first moment that the loss was incurred, not from the moment of the alleged notification to the insured that the insurer would not comply with the terms of the contract.

■ Statutes of limitations "are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Myers v. McDonald*, 635 P.2d 84, 86 (Utah 1981) (quoting *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944)). Mere ignorance of the existence of a cause of action does not prevent the running of the limitations period. *Becton Dickinson & Co. v. Reese*, 668 P.2d 1254, 1257 (Utah 1983). The Utah Supreme Court has recognized several exceptions to the general rule that a cause of action accrues upon the happening of the last event necessary to complete the cause of action.

In some areas of the law, the discovery rule is incorporated into the statute whereby the statute does not begin to run until the facts forming the basis for the cause of action are discovered. In other circumstances, concealment or misleading by a party prevents that party from relying on the statute of limitations. Finally, where there are exceptional circumstances that would make application of the general rule irrational or unjust, this Court has adopted the discovery rule by judicial action.

*Becton Dickinson*, 668 P.2d at 1257 (citations omitted).

■ None of these exceptions apply in the instant case. Utah Code Ann. § 31A–21–313 makes no mention of circumstances under which the running of the limitations period should be tolled. Indeed, by incorporating the "inception of the loss" language into the statute, the Utah Legislature specifically indicated that the limitations period should begin to run from the time the first loss was incurred. In a suit for an alleged breach of an insurer's duty to defend, the insured's first loss occurs when the insured first incurs expenses of defense.

■ Similarly, there is no evidence that General Indemnity either concealed the details of the policy or mislead Canadian Indemnity in any way as to the extent of coverage under the policy. Both General Indemnity and Canadian Indemnity provided a defense for codefendants in the Pokorny action. Canadian Indemnity was aware of the facts and circumstances of the action and chose to provide an independent defense for Big Country.

Finally, there are no exceptional circumstances which would make the application of this rule unjust. The Pokorny action, for which Canadian Indemnity claims a breach of a duty to defend, was filed on

May 22, 1986. Canadian Indemnity first incurred attorney's fees and costs of defense in that action no later than July 31, 1986. Thus, Canadian Indemnity had until July 31, 1989 in which to file suit for the alleged breach of a duty to defend. This action against General Accident and Budget was filed on January 19, 1990. Canadian Indemnity argues that it was unaware of its rights under the policy until it received a copy of the policy in January, 1989 and that it would be inequitable to allow the statute to bar the suit under these circumstances. In *Hibdon v. Truck Insurance Exchange*, 657 P.2d 1358 (Utah 1983), the Utah Supreme Court held that notification sixty days prior to the end of the limitations period was adequate. Here, Canadian Indemnity was aware of its rights under the policy no later than seven months before the limitations period ended.

Plaintiff cites *Paul Holt Drilling, Inc. v. Liberty Mutual Insurance Co.*, 664 F.2d 252 (10th Cir.1981), for the proposition that the breach of the duty to defend is a continuing breach which gives rise to a new cause of action each time the insured must pay for those defense costs. However, *Paul Holt Drilling* required the 10th Circuit to interpret an Oklahoma statute of limitations which limited the bringing of an action to a period of five years after the cause of action *accrued*. The Utah statute requires that the action be brought within three years of the *inception of the loss*.

The court is aware that the interpretation of the statute it adopts today might, in certain circumstances, produce inequitable results. For example, in protracted litigation lasting more than three years, an insured claiming a breach of a duty to defend might be required to bring suit against its insurer before the underlying litigation is resolved. Yet, this is not the issue presented to the court in the present case. The Pokorny litigation was settled, and the parties knew the extent of their legal expenses well within the limitations period. The court leaves resolution of potential inequitable application of the limitations statute for another case where such inequities exist. The Utah Legislature may choose to resolve this potential gap by some future legislation thus making judicial interpretation unnecessary. Since the inception of plaintiff's loss resulting from defendant General Accident's alleged duty to defend was more than three years before this suit was filed, plaintiff's claim is time barred by § 31A–21–313(1) and General Accident's motion for summary judgment is granted.

■ Similarly, plaintiff's claim against Budget is for an alleged failure to provide insurance coverage in a written contract of insurance. Since plaintiff did not commence this action within the three-year limitations period of § 31A–21–313(1), its claim against Budget is also barred and Budget's motion to dismiss is granted.

IT IS SO ORDERED.