935 F.2d 278
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Stanley C. MANN, Plaintiff-Appellant,
v.
Judge Kenneth RIGTRUP, David B. Dee, Philip R. Fishler,
Regnal W. Garff, Jr., Russell W. Bench, Judith M. Billings,
Gordon R. Hall, Pamela Greenwood, Hon., J. Robert Bullock,
Robert L. Newey, Dennis J. Frederick, John A. Rokich,
Watkiss & Campbell, Inc., H. Wayne Wadsworth, Stephen A.
Trost, David S. Young, Christensen, Jensen & Powell, Inc.,
Ray R. Christensen, Holme, Roberts & Owen, Inc., Brent V.
Manning, and Insurance by North America, Defendants-Appellees.
 No. 90-4098.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Stanley C. Mann appeals pro se from the dismissal of his 28 U.S.C. Sec. 1983 action against former and present members of the Utah state judiciary (judges), lawyers and law firms involved in prior state court proceedings and the insurance carrier for one of the firms (private defendants). Mann contends that the judges and private defendants violated his civil rights during the course of various litigated matters concerning the custody and maintenance of David Wheeler, the adopted son of Mann's deceased niece. On motions to dismiss, the district court held that: (1) it lacked jurisdiction to review decisions by state courts; (2) the judges were immune from suit under Sec. 1983; (3) the private defendants were not subject to suit under Sec. 1983 given a lack of state action; and (4) Mann's action was time-barred. The district court dismissed those portions of plaintiff's complaint which sought review of state court decisions and granted the motions to dismiss filed by the judges and private defendants. On appeal, Mann takes issue with each holding. We affirm.
 
 
 2
 We have reviewed the briefs and the record on appeal construing Mann's pro se pleadings liberally as required under Haines v. Kerner, 404 U.S. 519, 520-21 (1971). Mann's Sec. 1983 action seeks federal court review of particular applications of law by the Utah state courts. Plainly, the federal district court was without jurisdiction to perform such a task, which is reserved to the Supreme Court. See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 296 (1970); Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir.1986). The allegedly unconstitutional conduct of the judges involves action within their jurisdiction; consequently, they are absolutely immune from suit under Sec. 1983. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Van Sickle, 791 F.2d at 1434-35. Mann's complaint failed to present specific facts beyond conclusory allegations tending to show agreement and concerted action between the private defendants and state actors; consequently the private defendants were not acting under color of state law and may not be held liable under Sec. 1983. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sooner Products Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983); Schaffer v. Cook, 634 F.2d 1259, 1260-61 (10th Cir.1980), cert. denied, 451 U.S. 984 (1981). In light of our resolution of the above issues, we need not consider whether Mann's action was time-barred.[1]
 
 
 3
 Thus, we agree with the district court's dismissal of the complaint against the judges and private defendants. Mann v. Rigtrup, No. 89-C-943-B, unpub. order (D.Utah May 23, 1990).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The district court determined that because the relevant allegations contained in Mann's 120-page complaint fell outside the two-year limitation period under current Utah law, Utah Code.Ann. Sec. 78-12-28(3) (1987), his action was time-barred. See Wilson v. Garcia, 471 U.S. 261, 279-80 (1985) (state law determines applicable limitation period under Sec. 1983). Mann's complaint was filed October 18, 1989, but contains allegations occurring when the limitation period was four years
 On April 27, 1987, the two-year limitation period took effect. Under Utah law, the new limitation period is a procedural change which applies even though it shortens the allowable period for preexisting claims, provided the shortened period allows a plaintiff a reasonable time in which to bring an action. Greenhalgh v. Payson City, 530 P.2d 799, 803 (Utah 1975); Day & Night Heating Co. v. Ruff, 432 P.2d 43, 44 (Utah 1967). See also Pfeiffer v. Hartford Ins. Co., 929 F.2d 1484, 1493 n. 10 (10th Cir.1991) (discussing change in Colorado limitation statute).