**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 10 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANNA LANG,

        Plaintiff - Appellant,

    v.

AETNA LIFE INSURANCE
COMPANY, a Connecticut
corporation,

        Defendant - Appellee.

No. 98-4057

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D. Ct. No. 97-CV-70-S)**

---

Brad C. Smith (David S. Kunz, Of Counsel, with him on the briefs), Stevenson & Smith, P.C., Ogden, Utah, appearing for appellant.

Scott H. Martin (John R. Lund with him on the brief), Snow, Christensen & Martineau, Salt Lake City, Utah, appearing for appellee.

---

Before **TACHA** and **KELLY** , Circuit Judges, and **WEST** ,* District Judge.

---

**TACHA** , Circuit Judge.

---

    *The Honorable Lee R. West, Senior United States District Judge for the Western District of Oklahoma, sitting by designation.

Plaintiff Anna Lang filed this suit to recover payments allegedly due under a disability insurance policy. Defendant Aetna Life Insurance responded with a motion to dismiss, claiming the suit was time-barred. In a thorough and well-reasoned opinion, the district court granted defendant's motion to dismiss. Plaintiff filed a timely appeal. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

## I.

Plaintiff Anna Lang was employed as a professor of geography at the University of Miami in Coral Gables, Florida. Defendant insured employees of the University of Miami through a group policy that included disability benefits. In October 1979, plaintiff became disabled. She filed notice and furnished proof of her disability to defendant. From 1979 until June 30, 1991, defendant paid Lang $1110.00 per month in long-term disability benefits.

On or about June 17, 1991, defendant informed plaintiff by letter that the company no longer considered her disabled. As a result, her benefits were discontinued effective June 30, 1991. On June 26, 1997, plaintiff filed the instant suit, seeking disability benefits accrued since June 30, 1991 plus future benefits, interest and costs.

## II.

The district court found the claim barred by the statute of limitations. Because the district court ruled on the legal sufficiency of plaintiff's complaint, we review the district court's dismissal de novo. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

The district court construed plaintiff's claim as one for relief under the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff does not dispute this construction. A participant in or beneficiary of an ERISA plan may bring a civil action to recover benefits or enforce rights under the plan. 29 U.S.C. § 1132 (1999). ERISA, however, does not establish a statute of limitations for private enforcement actions brought under this provision.

"Congress not infrequently fails to supply an express statute of limitations when it creates a federal cause of action. When that occurs, '[w]e have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law." Reed v. United Transp. Union, 488 U.S. 321, 323 (1989) (quoting DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 158 (1983)). In Wright v. Southwestern Bell Tel. Co., 925 F.2d 1288 (10th Cir. 1991), this court had to determine the applicable statute of limitations for a claim brought under §1132. First, the court characterized the nature of the plaintiff's claim and then sought to apply the "most analogous" state statute of limitations.

Id. at 1291.

Plaintiff here seeks to recover long-term disability insurance benefits. Utah has two statutes of limitations that are analogous to plaintiff's claim. One statute provides as follows: "An action on a written policy or contract of first party insurance must be commenced within three years after the inception of the loss." Utah Code Ann. § 31A-21-313(1) (1999). The other analogous statute provides: "An action may be brought within six years . . . upon any contract, obligation, or liability founded upon an instrument in writing. . . ." Utah Code Ann. § 78-12-23 (1996).

Our duty under Wright is to choose the most analogous state statute of limitation. While plaintiff's ERISA claim is based upon a contract, it is more precisely based upon a contract of insurance. Therefore, we hold that the three-year statute of limitations applies to plaintiff's claim. See Schafer v. Aspen Skiing Corp., 742 P.2d 580, 582 (10th Cir.1984) (holding that where two statutes of limitation could apply, the more specific provision will govern over the more general one).

The three-year limitation is part of the state's comprehensive insurance code. Plaintiff contends that in borrowing the limitation period from the state code, we must also borrow and apply the code's provisions concerning scope and application. We disagree. This is an ERISA action, and we cannot allow

substantive state law to control this federal claim. We adopt the state limitation period to fill a small gap in federal law and only where consistent with federal law and policy. See Wilson v. Garcia, 471 U.S. 261, 266-267 (1985).

Plaintiff correctly points out that this borrowing may logically include state rules of tolling. See Board of Regents v. Tomanio, 446 U.S. 478, 485 (1980). However, there is no issue of tolling before us. Furthermore, borrowing includes tolling provisions because a statute of limitations "is understood fully only in the context of the various circumstances that suspend it from running against a particular cause of action." Johnson v. Railway Express Agency, 421 U.S. 454, 463 (1975). Here, plaintiff suggests that this court must borrow provisions from the Utah Insurance Code unrelated to the limitation period. To do so would exceed the narrow purpose of the borrowing requirement and would be inconsistent with the federal law of ERISA.

The three-year limitation requires the claimant to file within three years after the "inception of the loss." Utah Code Ann. § 31A-21-313(1) (1999). Plaintiff claims her "loss" occurred in 1979 with the onset of her disability, not in 1991 with the alleged breach by the defendant. She contends that applying the three-year limitation to her claim would lead to the absurd result of declaring her claim stale in 1982. She therefore urges the court to apply the six-year limitation provision, which does not carry the "inception of the loss" language.

In Canadian Indem. Co. v. K&T, Inc., 745 F.Supp. 661 (D. Utah 1990), the court interpreted this "inception of the loss" language in the context of an alleged breach by an insurer. "In a suit for an alleged breach of an insurer's duty to defend, the insured's first loss occurs when the insured first incurs expenses of defense." Id. at 664. The statute of limitations was triggered not by the personal injury giving rise to the suit but rather by the insurer's alleged breach in refusing to defend against the suit. So it is here. The statute of limitations was triggered not by the plaintiff's personal disability in 1979 but only upon the insurer's alleged breach in 1991.

Finally, plaintiff attempts to characterize the disability policy as an installment contract. She then claims her suit is timely because a separate statute of limitations runs against each unpaid monthly benefit. Under plaintiff's characterization, her claim would have an indefinite lifespan. Such a result would undermine the overriding purpose of a statute of limitation. Time limits are essential "to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." Allred v. Chynoweth, 990 F.2d 527, 529-30 (10th Cir. 1993) (internal quotation marks and citations omitted).

Since the three-year limitation applies to this suit, and inception of the loss occurred in 1991, we AFFIRM.