2002 UT 54

Dee Voy TUCKER and Marian Tucker, individually and on behalf of themselves and all others similarly situated, Plaintiffs and Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Stephen P. Marble, Farmers Insurance, and Maye Helen Potter, Defendants and Appellees.

No. 20010228.

Supreme Court of Utah.

June 11, 2002.

Rehearing Denied July 19, 2002.

Trent J. Waddoups, Salt Lake City, for plaintiffs.

Alan L. Sullivan, Adrienne Goldsmith, Salt Lake City, for defendant.

WILKINS, Justice:

¶ 1 Dee Voy and Marian Tucker appeal from the order of the trial court granting summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm"). Because the complaint was barred by the statute of limitations in section 31A–21–313 of the Utah Code, we affirm.

## BACKGROUND

¶ 2 When reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Surety Underwriters v. E & C Trucking, Inc.*, 2000 UT 71, ¶ 15, 10 P.3d 338. Dee Voy and Marian Tucker ("Tuckers") were injured in an automobile accident on August 5, 1994. As a result of the accident, the Tuckers received medical treatment and incurred medical expenses. At the time of the accident the Tuckers' automobile was insured by State Farm. The Tuckers' State Farm insurance policy provided for, among other coverages, personal injury protection ("PIP") benefits for the reasonable value of all necessary medical expenses incurred by the Tuckers up to $5,000, and required the Tuckers to be examined by physicians chosen and paid by State Farm as reasonably required by State Farm.

¶ 3 The Tuckers submitted medical bills to State Farm for reimbursement. Before reimbursing the Tuckers, State Farm required the Tuckers to be examined by Dr. Stephen Marble, allegedly to determine whether the medical expenses were reasonable and necessary. Dr. Marble concluded that Mrs. Tucker's injuries were not related to the accident and that Mr. Tucker's injuries were related, but that one set of x-rays was duplicative and, therefore, unnecessary. Based on Dr. Marble's report, State Farm reimbursed the Tuckers in November 1996 for the medical expenses it deemed reasonable and necessary. At the time of this payment, State Farm explained that if the Tuckers could provide any additional information which indicated that the submitted medical expenses were reasonable and necessary, State Farm would consider the information.

¶ 4 On September 12, 2000, the Tuckers filed an amended complaint adding State Farm as a defendant to a lawsuit they had previously filed against the driver of the car which collided into them, alleging that State Farm should have paid all the Tuckers' submitted medical expenses under the PIP provisions of the insurance policy. State Farm responded by filing a motion to dismiss, alleging, among other things, that the Tuckers' complaint was barred by the statute of limitations. The Tuckers opposed this motion by arguing that a motion to dismiss was an improper procedural vehicle for State Farm to raise its affirmative defense of the statute of limitations and asked that the motion be stricken. In ruling on State Farm's motion, the trial court considered matters outside of the complaint, and, pursuant to rule 12(b)(6), treated the motion to dismiss as one for summary judgment. The trial court granted State Farm's motion, holding, in relevant part, that all of the Tuckers' claims were based on a contract of first-party insurance and that the complaint was barred by the three-year statute of limitations in section 31A–21–313 of the Utah Code. The Tuckers appeal.

**ISSUES PRESENTED AND STANDARD OF REVIEW**

■ ¶ 5 While the Tuckers raise numerous issues for our consideration, the only issues dispositive to this appeal [1] are whether the trial court was correct in holding that (1) the statute of limitations can be properly raised as an affirmative defense in a motion to dismiss under Utah Rule of Civil Procedure 12(b)(6), (2) all of the Tuckers' claims are based on a contract of first-party insurance, rendering section 31A–21–313 of the Utah Code the exclusive statute of limitations for their claims, and (3) section 31A–21–313 bars the Tuckers' complaint. We review the trial court's summary judgment rulings for correctness. *E.g.*, *Surety Underwriters v. E & C Trucking, Inc.*, 2000 UT 71, ¶ 14, 10 P.3d 338.

**ANALYSIS**

**I. RAISING AFFIRMATIVE DEFENSES IN MOTIONS TO DISMISS**

¶ 6 In response to the Tuckers' amended complaint, State Farm filed a motion to dismiss under rule 12(b)(6) of the Utah Rules of Civil Procedure, alleging, in part, that the complaint was time barred by section 31A–21–313 of the Utah Code. The Tuckers addressed this statute of limitations issue by filing a motion to strike, asserting, in part, that affirmative defenses may not be raised in motions to dismiss. In support of this position the Tuckers cite, inter alia, *Gill v. Timm*, which notes that "[a]ffirmative defenses must be set forth in responsive pleadings and are usually waived if not so pleaded." (citations omitted). 720 P.2d 1352, 1353–54 (Utah 1986).

■ ¶ 7 *Gill* recites the general rule that affirmative defenses should be set forth in responsive pleadings. *Id.; see also* Utah R. Civ. P. 8(c). Because dismissal under rule 12(b)(6) is "justified only when the allegations *of the complaint itself* clearly demonstrate that the plaintiff does not have a claim," 5A Charles Alan Wright & Arthur R.

---

1.  *See, e.g., Hous. Auth. v. Snyder*, 2002 UT 28, ¶ 9 n. 2, 44 P.3d 724 (noting that where one argument is dispositive, we do not address other contentions).

Miller, Federal Practice and Procedure § 1357 at 345 (2d ed.1990) (emphasis added),[2] this general rule recognizes that affirmative defenses, which often raise issues outside of the complaint, are not generally appropriately raised in a motion to dismiss under rule 12(b)(6).

¶ 8 In some instances, however, the existence of the affirmative defense may appear within the complaint itself. For example,

> [a] complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading.... [T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.

*Id.* at 352–54. We agree that in such a case a motion to dismiss under rule 12(b)(6) may raise affirmative defenses. Although we have not previously expressly articulated the rule that affirmative defenses may be brought by motion under rule 12(b)(6) when they appear within the complaint, we have previously recognized that a statute of limitations defense can be raised in a motion to dismiss. *See Keller v. Southwood N. Med. Pavilion, Inc.,* 959 P.2d 102, 106 (Utah 1998) ("A party waives a statute of limitations defense by failing to raise it in a responsive pleading *or by motion* ...." (emphasis added)). We note also that other jurisdictions have similarly held that in certain circumstances affirmative defenses may be raised in a motion to dismiss. *See, e.g., Chamberlain v. Mathis,* 151 Ariz. 551, 729 P.2d 905, 908 (1986) ("[An affirmative defense] may be properly raised in a motion to dismiss, if the facts establishing the occasion for the [defense] appear in the pleadings."); *Murrey v. Specialty Underwriters, Inc.,* 233 Ga. 804, 213 S.E.2d 668, 671 (1975) ("[S]ome affirmative defenses may properly be raised by a motion to dismiss if the facts are admitted or are not controverted or are completely disclosed on the face of the pleadings and nothing further can be developed by a trial of the issue."); *Harden v. State of Iowa,* 434 N.W.2d 881, 883 (Iowa 1989) ("The bar of the statute of limitations is properly raised by a motion to dismiss when the necessary facts appear on the face of the pleadings...."); *Cavanagh v. Cavanagh,* 396 Mass. 836, 489 N.E.2d 671, 673 (1986) ("[I]f the complaint shows on its face the existence of an affirmative defense, the complaint does not state a claim upon which relief can be granted, and a motion to dismiss under ... 12(b)(6) is appropriate.").

¶ 9 Thus, had the Tuckers expressly stated in their amended complaint that State Farm had reimbursed the Tuckers and refused to pay certain expenses *in November 1996,* the issue of the propriety of raising the statute of limitations in the motion to dismiss would be settled in State Farm's favor.[3] Had this date been specified by the Tuckers, the allegations of the complaint itself would have clearly demonstrated that the Tuckers' claim was time barred, rendering the motion to dismiss an appropriate procedural vehicle for raising the statute of limitations. The Tuckers' amended complaint did not, however, explicitly mention this date. Rather, the amended complaint made reference to the events which began the running of the statute of limitations, ("Defendant STATE FARM paid only the reasonable value of Plaintiffs' medical expenses ...."), without expressly mentioning the date on which those acts occurred. To be sure, the amended complaint does specify a date—September 18, 1997—but this date refers to a subsequent denial of payment, not to the date that payment was received and the Tuckers were initially informed of State Farm's intention to deny a portion of their claims.

¶ 10 Recognizing, presumably, that resolution of the statute of limitations issue

2. Interpretations of the Federal Rules of Civil Procedure are persuasive where the Utah Rules of Civil Procedure are "substantially similar" to the federal rules. *Lund v. Brown,* 2000 UT 75, ¶ 26, 11 P.3d 277; *see* Utah R. Civ. P. 12 Compiler's Notes (noting that Utah's rule 12 is similar to federal rule 12).

3. See *infra* section III for a discussion on why the initial date of reimbursement and refusal is the determinative date for purposes of this case.

required consideration of matters outside the complaint, the trial court noted that it was "exercising its discretion to treat State Farm's motion to dismiss as one for summary judgment under Rule 56 of the Utah Rules of Civil Procedure." *See* Utah R. Civ. P. 12(b); *see also Strand v. Associated Students of the Univ. of Utah*, 561 P.2d 191, 193 (Utah 1977) (explaining that the trial court has initial discretion to consider matters outside the pleadings in rule 12(b)(6) motions to dismiss). In exercising its discretion to treat this motion as one for summary judgment under rule 56, the trial court became able to ascertain the relevant date for statute of limitations purposes. We see no abuse of discretion in the trial court's decision to treat State Farm's motion as one for summary judgment and hold that in doing so, the trial court cured any procedural defect in State Farm's motion to dismiss caused by the Tuckers' exclusion of a date in their complaint.

■ ¶ 11 Thus, in the narrow instance where a plaintiff's complaint describes events which establish when a statute of limitations begins to run but fails to explicitly set forth the relevant date on which those events occurred, a defendant may raise a statute of limitations defense in a motion to dismiss under rule 12(b)(6) of the Utah Rules of Civil Procedure, provided that the trial court treats the motion as one for summary judgment, thus giving all parties the "reasonable opportunity to present all material made pertinent to such a motion...." Utah R. Civ. P. 12(b). This holding is particularly appropriate in light of our policy to "liberally construe[ ]" the rules to "secure the just, speedy, and inexpensive determination of every action." Utah R. Civ. P. 1(a). We therefore affirm the trial court's implicit determination that, in this case, the motion to dismiss was a proper procedural vehicle for State Farm to assert its statute of limitations defense.

## II. CHARACTERIZATION OF THE TUCKERS' CLAIMS

■ ¶ 12 While the Tuckers concede that some of their claims are based on a contract of first-party insurance and, as such, are governed by the three-year statute of limitations in section 31A–21–313 of the Utah Code, the Tuckers also argue that other claims in their amended complaint are based on fraud and breach of fiduciary duty, causes of action to which, they argue, the four-year statute of limitations in section 78–12–25(3) applies. The Tuckers' characterization of these claims as based on something other than a contract of first-party insurance is incorrect.

¶ 13 Section 31A–21–313(1) states, "An action on a written policy or contract of first party insurance must be commenced within three years after the inception of the loss." As we explained in *Beck v. Farmers Ins. Exchange*,

> We use the term "first-party" to refer to an insurance agreement where the insurer agrees to pay claims submitted to it by the insured for losses suffered by the insured.... In contrast, a "third-party" situation is one where the insurer contracts to defend the insured against claims made by third parties against the insured and to pay any resulting liability, up to the specified dollar limit.

701 P.2d 795, 799 n. 2 (Utah 1985). Under the PIP provisions of the Tuckers' insurance policy, State Farm has no obligation to defend the Tuckers against claims made by third parties. Rather, State Farm's only obligation under the PIP provisions is to pay claims submitted by the Tuckers for losses suffered by the Tuckers within specified parameters. *See, e.g.,* Utah Code Ann. § 31A–22–307 (2001) (describing the parameters of an insurer's obligations concerning personal injury protection coverages and benefits). Thus, in accordance with our definition of "first-party" in *Beck*, the Tuckers and State Farm have a first-party relationship. *Beck,* 701 P.2d at 799 n. 2.

■ ¶ 14 All duties and obligations arising from this first-party contract of insurance are contractual in nature. We reaffirm our position in *Beck* that "in a first-party relationship between an insurer and its insured, the duties and obligations of the parties are contractual rather than fiduciary. Without more, a breach of those implied or express duties can give rise only to a cause of action

in contract, not one in tort." *Id.* at 800. Because the Tuckers and State Farm are in a first-party relationship, and all of the duties and obligations arising from that relationship are contractual in nature, we affirm the trial court's holding that section 31A–21–313, which governs "action[s] on written ... contract[s] of first party insurance," is the only statute of limitations applicable to this case and the Tuckers' claims against State Farm "must [have been] commenced within three years after the inception of the loss." § 31A–21–313(1) (2001).

### III. APPLICATION OF SECTION 31A–21–313 TO THE TUCKERS' CLAIMS

¶ 15 The application of this three-year statute of limitations to the Tuckers' claims hinges on the definition of "inception of the loss." As section 31A–21–313(1) explains, "An action on a written policy or contract of first party insurance must be commenced within three years after the *inception of the loss.*" The "inception of the loss" refers to the time when the loss was first incurred or began to accrue. *See, e.g., Canadian Indem. Co. v. K & T, Inc.,* 745 F.Supp. 661, 664 (D.Utah 1990) (construing "inception of the loss" language in section 31A–21–313 (1), holding that it refers to the time when the loss was first incurred). Additionally, section 31A–21–313(4) prohibits filing an action until, among other things, the insurer denies full payment. Utah Code Ann. § 31A–21–313(4)(c) (2001). As the trial court correctly stated, "In a case involving the alleged failure to pay PIP benefits, the [inception of the loss occurs] no later than the date on which the insurer refuses to pay the disputed PIP benefits," and such a refusal to pay constitutes "denial of full payment" under section 31A–21–313(4)(c).

¶ 16 Here, State Farm reimbursed the Tuckers in November 1996 for the expenses it deemed to be necessary and informed the Tuckers that it would not reimburse the denied expenses unless the Tuckers could submit additional medical documentation showing the expenses were medically necessary. While State Farm left open some possibility for a future re-consideration of its decision if additional information was forthcoming, it is clear that in November 1996 the Tuckers were on notice that State Farm did not intend to fully reimburse the Tuckers' medical expenses. Thus, November 1996 was the "inception of the loss" triggering the beginning of the limitations period. The Tuckers failed to sue State Farm until September 12, 2000, when they filed their amended complaint adding State Farm as a defendant. Because this date is more than three years from November 1996, the Tuckers' claims against State Farm were barred by section 31A–21–313.

¶ 17 While the exact theory of the argument is unclear from the briefs, the Tuckers appear to argue that the statute of limitations was tolled for a period. *See* Utah Code Ann. § 31A–21–313(5)(2001) ("The period of limitation is tolled during the period in which the parties conduct an appraisal or arbitration procedure ... as agreed to by the parties."). This argument fails. Neither party has alleged that they agreed to an appraisal or arbitration procedure. The Tuckers seem to argue that State Farm's willingness to consider additional information evidences an agreement to toll the limitations period under section 31A–21–313(5). A mere willingness to consider additional information, however, does not constitute such an agreement. The record contains no other evidence of any such agreement. Thus, because the statutory requirements for tolling were not satisfied, the limitations period expired in November 1999, three years after State Farm's initial denial of the Tuckers' claim. We therefore affirm the trial court's decision that the Tuckers' amended complaint—filed on September 12, 2000—was time barred.

### CONCLUSION

¶ 18 State Farm's contention that the statute of limitations in section 31A–21–313 of the Utah Code barred the Tuckers' claims was properly brought in a motion to dismiss under rule 12(b)(6) of the Utah Rules of Civil Procedure. The three-year limitations period in section 31A–21–313 applied to all of the

Tuckers' causes of action. The limitations period on these causes of action began to run in November 1996, rendering the Tuckers' complaint, filed almost four years later, untimely. We therefore affirm the trial court's grant of summary judgment in favor of State Farm.

¶ 19 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice HOWE, and Justice RUSSON concur in Justice WILKINS' opinion.