**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KANG SIK PARK, M.D.,

     Plaintiff - Appellant,

v.

FIRST AMERICAN TITLE INSURANCE
COMPANY,

     Defendant - Appellee.

No. 17-4125
(D.C. No. 2:17-CV-00280-DAK)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **LUCERO**, and **HARTZ**, Circuit Judges.
_____

Kang Sik Park appeals the district court's dismissal of his suit against First

American Title Insurance Company ("First American") as time-barred.  Exercising

jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

**I**

In 2006, in relation to a loan to Peter and Virginia Lamb, Park obtained a

commitment from First American to insure a real estate deed of trust for property in

Salt Lake County, Utah.[1]  On recording of the deed of trust, First American issued a

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

lender's title insurance policy which insured against loss by virtue of "[a]ny defect in or lien or encumbrance on the title," "[u]nmarketability of the title," "invalidity or unenforceability of the lien of the Insured Mortgage upon the title," and other issues.[2]

The lender's title insurance policy requires that Park notify First American of litigation or claims asserting an interest in the property "promptly in writing." If prompt notice is not provided, "all liability of [First American] shall terminate with regard to the matter or matters for which prompt notice is required." However, "failure to notify [First American] shall, in no case prejudice the rights of any Insured under this policy unless [First American] shall be prejudiced by the failure and then only to the extent of the prejudice."

In the event of litigation concerning title, and "[u]pon written request by the Insured . . . , [First American], at its own cost and without unreasonable delay, shall provide for the defense of an Insured." If the "policy permits or requires [First American] to prosecute or provide for the defense of any action or proceeding," the insured is required to provide "all reasonable aid." First American retained the options of either paying out a claim to the insured or "sett[ling] with parties other

---

[1] Because are reviewing the district court's dismissal under Fed. R. Civ. P. 12(b)(6), we take the following facts from Park's complaint. See Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013).

[2] Although the policy was not attached to Park's complaint, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997)

than the Insured." Finally, a section titled "Limitation of Liability" provides that First American "shall have no liability for loss or damage until there has been a final determination by a court of competent jurisdiction, and disposition of all appeals therefrom, adverse to the title or interest of the Insured or to the lien of the Insured Mortgage, as insured."

A number of third parties filed an action in Utah state court in September 2010, seeking to quiet title to the insured property. In October 2015, the state court ruled that certain documents under which the Lambs claimed interest in the property were not authorized by all of the owners, or purported to convey an interest the grantors did not possess. Park's deed of trust was accordingly also invalidated.

Park made a claim to First American under the policy, but the insurer refused to pay. He then filed suit in Utah state court alleging breach of contract, breach of the covenant of good faith and fair dealing, breach of implied-in-fact contract, and unjust enrichment. First American removed the case to federal court and moved to dismiss. The district court concluded that Park's claims were time barred and granted First American's motion. Park timely appealed.

**II**

We review a district court's dismissal under Rule 12(b)(6) de novo. Cty. of Santa Fe v. Pub. Serv. Co., 311 F.3d 1031, 1034 (10th Cir. 2002). In reviewing a 12(b)(6) dismissal, we accept all well-pled allegations contained in the complaint as true. Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). A statute of limitations bar is an affirmative defense, but may be resolved on a motion to dismiss

3

if "the dates given in the complaint make clear that the right sued upon has been extinguished." Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

The parties agree that Park's claims are governed by Utah Code § 31A-21-313(1)(a), which requires that "[a]n action on a written policy or contract of first party insurance shall be commenced within three years after the inception of the loss."  In interpreting this Utah statute, we endeavor "to reach the same result that would be reached in state court."  Etherton v. Owners Ins. Co., 829 F.3d 1209, 1223 (10th Cir. 2016).  The district court concluded that Park suffered a loss when he was served in the quiet title action, and thus his claims were time barred because they were not filed within three years of that date.  We disagree.

Courts in Utah have decided several cases interpreting the language at issue, although our research has not uncovered any cases specifically dealing with title insurance policies.  Nevertheless, we view related authorities applying § 31A-21-313(1)(a) to other types of policies as informative given that the statute's broad coverage.

In Tucker v. State Farm Mutual Automobile Insurance Co., 53 P.3d 947 (Utah 2002), plaintiffs sought to recover for personal injuries sustained in an automobile accident.  Id. at 948.  In November 1996, the insurer provided partial payment but denied certain expenses.  Id. at 949.  The Utah Supreme Court held that plaintiffs were on notice as of November 1996 that the insurer "did not intend to fully reimburse [their] medical expenses" and therefore the plaintiff's claim, filed in

4

September 2000, was time barred. Id. at 952. The "inception of the loss," the court explained, "refers to the time when the loss was first incurred or began to accrue." Id. In addition, the court noted that Utah law prohibits an action against an insurer until the insurer denies full payment. Id. (citing Utah Code § 31A-21-313(4)(c)). It held that, "[i]n a case involving the alleged failure to pay [personal injury] benefits, the inception of the loss occurs no later than the date on which the insurer refuses to pay the disputed [personal injury] benefits, and such a refusal to pay constitutes denial of full payment under section 31A-21-313(4)(c)." Id. (quotation and alteration omitted).

In Anderson v. Beneficial Fire & Casualty Co., 442 P.2d 933 (Utah 1968), the plaintiff sought insurance benefits for equipment that he discovered had been lost in August 1965. Id. at 933. In July 1966, the insurer denied coverage. Id. His policy required that any suit be "commenced within 12 months next after inception of the loss." Id. The court held that the period began to run on the date the equipment went missing rather than the date the insurer denied benefits. Id. The district court in the current case also relied on Canadian Indemnity Co. v. K & T, Inc., 745 F. Supp. 661 (D. Utah 1990), which concerned a claim for breach of duty to defend. Id. at 662. Relying on Anderson, the Canadian Indemnity court held that "'inception of the loss' contained in an insurance policy relates to the first moment that the loss was incurred, not from the moment of the alleged notification to the insured that the insurer would not comply with the terms of the contract." Id. at 664. Accordingly,

5

"[i]n a suit for an alleged breach of an insurer's duty to defend, the insured's first loss occurs when the insured first incurs expenses of defense." Id.

This court has considered § 31A-21-313(1)(a) in the context of an action brought under the Employee Retirement Income Security Act of 1974. See Lang v. Aetna Life Ins, Co., 196 F.3d 1102 (10th Cir. 1999). The plaintiff in that case received long-term disability benefits from her insurer from 1979 to 1991. Id. at 1104. In June 1991, the insurer notified plaintiff that it no longer considered her disabled and discontinued payments. Id. We held that "[t]he statute of limitations was triggered not by the plaintiff's personal disability in 1979 but only upon the insurer's alleged breach in 1991." Id. at 1105.

The district court perceived some tension between the foregoing cases. We conclude that any potential inconsistency dissipates if one focuses on the specific loss alleged in each case. As the Utah Supreme Court has noted, determining the beginning of a limitations period can be an "intensely fact-dependent inquiry." Russell Packard Dev., Inc. v. Carson, 108 P.3d 741, 746 (Utah 2005). To determine when a loss is first incurred, we must define with particularity the loss at issue. In Anderson, plaintiff sought to recover for lost equipment, and thus the loss began when it went missing. 442 P.2d at 933. In Canadian Indemnity, the plaintiff sued for funds expended in defending an action, and thus the loss began when plaintiff incurred defense costs. 745 F. Supp. at 664. In both Lang and Tucker, the loss occurred when the insurers stopped providing benefits. Lang, 196 F.3d at 1105; Tucker, 53 P.3d at 952.

6

In this case, Park's claimed loss is the invalidation of his interest in the property caused by the defect in title. We conclude that the inception of this particular loss was the date the state trial court issued its ruling. That reading is consistent with the terms of the policy, which insulates First American from liability "until there has been a final determination by a court of competent jurisdiction" undermining the insured's interest. First American points to other provisions in the policy concerning its duty to defend and the parties' respective rights and duties during litigation. But Park is not claiming a loss based on failure to tender a defense. Similarly, Park is not advancing a claim based upon clouded title caused by the initiation of a lawsuit. We express no view on the date the limitations period might begin for such claims; instead, we hold that Park's specific loss began when the state trial court ruled.[3]

### III

For the foregoing reasons, we **REVERSE** and **REMAND** for further proceedings consistent with this order and judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] First American urges us to affirm on various alternative grounds. We decline to do so. "The better practice on issues raised below but not ruled on by the district court is to leave the matter to the district court in the first instance." Greystone Constr., Inc. v. Nat'l Fire & Marine Ins. Co., 661 F.3d 1272, 1290 (10th Cir. 2011) (quotation and alteration omitted).