**Wenona SMITH, Plaintiff,**

v.

**INTERNATIONAL LADIES GARMENT WORKERS UNION, Defendant.**

**Civ. A. No. 80–112–E.**

United States District Court,
M. D. Alabama, E. D.

Jan. 20, 1981.

John A. Tinney, Roanoke, Ala., for plaintiff.

Jerome A. Cooper (Cooper, Mitch & Crawford), Birmingham, Ala., Max Zimny, Gen. Counsel, Intern. Ladies' Garment Workers' Union, New York City, and James R. Goldberg, Intern. Ladies' Garment Workers' Union, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

MYRON H. THOMPSON, District Judge.

This cause is before the Court on the defendant's November 4, 1980, motion for summary judgment.

The action is one by an employee against her union for breach of the union's statutory duty of fair representation. According to the complaint, the defendant union refused to adequately process a grievance submitted by the plaintiff against her employer. Suit was filed in the Circuit Court of Randolph County, Alabama on September 19, 1980 and removed to this Court on October 6, 1980 on the defendant's petition. See Vaca v. Sipes, 386 U.S. 171, 176–89, 87 S.Ct. 903, 909–16, 17 L.Ed.2d 842 (1967) (federal courts have jurisdiction to adjudicate a suit by an individual employee against a union for breach of the union's duty of fair representation).

In its motion for summary judgment, the defendant's principal contention, based on an uncontradicted affidavit and exhibits, is that the plaintiff's suit is barred by the appropriate statute of limitations. The Court is of the opinion that this contention has merit.

■ A union's duty of fair representation is a statutory duty grounded in and governed by federal law. Vaca v. Sipes, supra. However, there is no uniform federal limitations period applicable to suits charging that the duty has been breached. To determine the appropriate limitations period, courts must look to state law. See generally Johnson v. Railway Express Agency, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).

The question of which Alabama statute of limitations period should be held applicable to fair representation actions has generated some disagreement. In Sanderson v. Ford Motor Company, 483 F.2d 102 (5th Cir. 1973), the Fifth Circuit held that the Alabama one-year statute of limitations for tort claims is the appropriate statute. 483 F.2d at 114. See Ala.Code § 6–2–39. More recently, however, in IBEW v. Powell, 370 So.2d 987 (Ala.1979), the Alabama Supreme Court held that the Alabama six-year statute of limitations for contract claims rather than the one-year statute of limitations for tort claims is the appropriate statute. 370 So.2d at 989–91. See Ala.Code § 6–2–34.

■ The Court is of the opinion that it is bound by the Fifth Circuit's decision in Sanderson. It is an established principle "that the characterization of [an action such as this one] for the purpose of selecting the appropriate state limitations provision is ultimately a question of federal law." UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 697, 706, 86 S.Ct. 1107, 1108, 1113, 16 L.Ed.2d 192 (1966). Although the characterization that state law would impose should ordinarily be accepted, the state law characterization should not be accepted if it is "unreasonable or otherwise inconsistent with national labor policy." Id. In de Arroyo v. Sindicato de Trabajadores Packing, 425 F.2d 281 (1st Cir. 1970), the First Circuit concluded that, for purposes of determining the appropriate state limitations provision, characterization of a fair representation action as a contract claim rather than as a tort claim would be "unsound" and otherwise inconsistent with national labor policy. 425 F.2d at 285–87. The arguments the Alabama Supreme Court recently found compelling in Powell in reaching the opposite conclusion are the same arguments expressly considered and rejected by the First Circuit in de Arroyo. See IBEW v. Powell, supra, 370 So.2d at 994–95 (Embry, J., dissenting). In Sanderson, the Fifth Circuit held that the de Arroyo position and reasoning were correct. 483 F.2d at 114. In accordance with Sanderson, this Court concludes that the limitations period applicable

to the plaintiff's claim is the limitations period provided by the Alabama statute of limitations for tort claims, Ala.Code § 6–2–39. That period is one year.

The affidavits and other documents submitted by the defendant in connection with its motion for summary judgment establish, without contradiction, that the last contact that the defendant had with the grievance filed by the plaintiff that is the subject of this action was on August 16, 1979. On that date, and possibly the day before, an agent of the defendant informed the plaintiff that on August 15, 1979 the defendant's executive board had met to consider the plaintiff's grievance, had decided that the grievance had no merit, and had voted unanimously that the grievance should not be submitted to arbitration. The defendant thus contends, and the Court so finds, that the limitations period on the plaintiff's fair representation claim began to run, at the latest, on August 16, 1979. As explained above, the plaintiff had at most one year from that date in which to file this suit. Because she failed to do so, the Court has no choice but to dismiss her cause.

Judgment will be entered accordingly.