571 F.Supp. 1243 (1983)
Donald MARSTON, Plaintiff,
v.
LACLEDE CAB COMPANY and Teamsters Local Union No. 688, Defendants.
No. 83-1098C(1).
United States District Court, E.D. Missouri, E.D.
October 6, 1983.
*1244 S. Lee Patton, St. Louis, Mo., for plaintiff.
Mark F. Haywood, Fred A. Ricks, Jr., St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on the motions of defendants for judgment on the pleadings or, in the alternative, for summary judgment, with respect to Count I of plaintiff's complaint. Defendants argue that Count I is barred by the statute of limitations.
Plaintiff's cause of action arises out of his discharge from employment by defendant Laclede Cab Company (Laclede). The factual allegations are as follows. Plaintiff, who worked as a dispatcher for Laclede, was discharged on February 12, 1982. The alleged reasons for plaintiff's discharge were 1) plaintiff's "dishonesty", on February 10, 1982, in telling a Laclede Cab driver that plaintiff did not know the telephone number of the fire department when the driver requested it; and 2) plaintiff's lack of compassion in refusing to give the telephone number when a cab (belonging to a competitor of Laclede) was on fire. Plaintiff grieved his discharge and requested a service letter. The grievance was carried through step four (4) of the grievance procedure provided by the collective bargaining contract between defendants and covering plaintiff. Step four (4) is a two (2) man Adjustment Board consisting of one union and one company representative. On February 21, 1982, plaintiff was informed by his Shop Steward, a member of defendant Teamsters Local Union No. 688 (Teamsters), that the Adjustment Board found in favor of Laclede. Sometime around the end of March, 1982,[1] plaintiff was informed by the Business Agent for Teamsters that plaintiff's grievance would not be taken to arbitration. Around the same time Laclede responded to plaintiff's request for a Service Letter with the statement that plaintiff was discharged on account of dishonesty in connection with the February 10, 1982, telephone number incident. Thereafter, on April 5, 1982, plaintiff requested a meeting of Teamsters' Executive Board to discuss his grievance and on May 27, 1982, the Executive Board denied his request.
On April 14, 1983, plaintiff filed the complaint in the Circuit Court for the City of St. Louis, State of Missouri. In Count I plaintiff alleges that Laclede's discharge of plaintiff was based on arbitrary and capricious grounds in violation of the collective bargaining agreement and that Teamsters violated its duty of fair representation of *1245 plaintiff in refusing to take his grievance to arbitration. In addition, Count I alleges a conspiracy between Laclede and Teamsters to discharge plaintiff on arbitrary grounds. All the acts in Count I are alleged to be violations of the Labor Management Relations Act of 1947 (LMRA). 29 U.S.C. §§ 141 et seq. Count II is based upon Missouri's Service Letter statute, R.S.Mo. § 290.140 (1982), and alleges that the reasons given by Laclede for plaintiff's discharge were false.
Defendants removed the case to this Court, under 28 U.S.C. § 1441, on the ground that this Court has original jurisdiction under section 301 of the LMRA, 29 U.S.C. § 185, over Count I of plaintiff's complaint and pendent jurisdiction over Count II. Defendants then moved for summary judgment in their favor on Count I on the ground that it is barred by the applicable statute of limitations.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing upon a Rule 56 motion for summary judgment, a court is required "to view the facts in the light most favorable to the party opposing the motion." Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir. 1980).
In DelCostello v. International Brotherhood of Teamsters, ___ U.S. ___, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court considered the question of what period of limitations should govern in an employee's hybrid section 301/fair representation suit against an employer and a union. Earlier, in United Parcel Service, Inc., v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Court held that a state statute of limitation for vacation of an arbitration award, rather than a state statute for an action on a contract, should govern in a section 301 suit against an employer. However, in DelCostello the Court effectively overruled Mitchell and held that the six (6)-month period of limitations provided in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), should govern in hybrid section 301/fair representation suits both as to the claim against the employer and the claim against the union.
Defendants rely on DelCostello to support their contention that Count I of plaintiff's complaint is time-barred. It is the opinion of this Court that no genuine issue of material fact exists with respect to the statute of limitation question and, therefore, summary judgment is appropriate. The legal issues raised by defendants' motions and plaintiff's reply are as follows: 1) whether DelCostello should apply retroactively; and 2) when did plaintiff's causes of action under Count I accrue.
Plaintiff raises the retroactivity question because DelCostello was decided nearly two (2) months after plaintiff filed his complaint in state court. However, this Court declines to pass on plaintiff's contention that DelCostello should not be applied retroactively, because the issue, fascinating as it may be, is only of hypothetical importance in this case. cf. Storck v. Int'l. Brotherhood of Teamsters, 712 F.2d 1194 (7th Cir.1983). It is true that DelCostello changed prior law, which was Mitchell, but application of Mitchell to this case would result in borrowing the Missouri statute of limitations for vacating arbitration awards. Under that statute, R.S.Mo. § 435.405.2, the period of limitations applicable to plaintiff's federal claims in Count I is ninety (90) days.[2]
*1246 Plaintiff contends, relying on Butler v. Local Union 823, Int'l. Brotherhood of Teamsters, 514 F.2d 442 (8th Cir.), cert. denied, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975), that prior to DelCostello the Missouri five (5)-year statute of limitations for breach of contract actions would have applied to plaintiff's claims. This Court rejects plaintiff's argument because Mitchell in effect overruled Butler's choice of a state statute of limitations and borrowed a statute which typically provided a much shorter period. Arguably after Mitchell it was not clear which limitations period applied to a fair representation claim against a union. See DelCostello, ___ U.S. at ___ n. 1, 103 S.Ct. at 2285 n. 1. However, Butler held that the period applicable to a section 301 claim also applies to a fair representation claim, 514 F.2d at 448, and Mitchell did not affect that portion of the Eighth Circuit's holding. Accordingly, in this circuit at least, after Mitchell and prior to DelCostello the period applicable to a hybrid section 301/unfair representation claim was the ninety (90)-day period in R.S.Mo. § 435.405.2. Under DelCostello the period is six (6)-months or double that which plaintiff was entitled to prior to DelCostello. In light of this conclusion, it is unlikely that plaintiff wishes to contend that DelCostello should not be applied retroactively, and this Court does not reach that issue.
With respect to the issue of accrual, it is settled that a hybrid section 301/fair representation claim against both an employer and a union accrues on the date the employee's grievance is finally rejected and his opportunity to gain reinstatement through the contractual grievance procedure is aborted. Butler, 514 F.2d at 449; Collins v. American Freight System, Inc., 559 F.Supp. 1032, 1036 (W.D.Mo.1983); Wilcoxen v. Kroger Food Stores, 545 F.Supp. 1019, 1021 (E.D.Mo.1982); Stahlman v. Kroger Co., 542 F.Supp. 1118, 1120 (E.D.Mo. 1982); Lincoln v. District 9 of the International Association of Machinists and Aerospace Workers, 539 F.Supp. 1346, 1348 (E.D. Mo.1982); Fields v. Babcock & Wilcox, 108 LRRM 3150, 3151 (W.D.Pa.1981). The validity of this accrual rule was not affected by the Supreme Court's decisions in either Mitchell or DelCostello. In the case at bar, plaintiff's grievance was finally rejected around the end of March, 1982, when plaintiff was informed that his grievance would not be taken to arbitration. Plaintiff cites Smith v. International Ladies Garment Workers Union, 537 F.Supp. 347, 349 (M.D. Ala.1981), for the proposition that his claim did not accrue until defendants' last contact with the grievance filed by plaintiff, and argues that under this theory his claim did not accrue until May 27, 1982. Plaintiff concedes, however, that under either date his claim was not filed within six months thereafter and is thus time-barred if his claim accrued on either date.
As a last resort, plaintiff asserts that his claim should not be deemed to have accrued:
until he had exhausted all of his administrative remedies as set forth in Section 10(B) (sic) ..., or until the grievance was arbitrated or Plaintiff was given an explanation as to why the grievance would not be arbitrated.
"Plaintiff's Trial Brief" at 3-4. This Court rejects the latter two alternatives as illogical, frivolous and without merit. No arbitration has ever occurred and plaintiff has never been given an explanation as to why his grievance was not taken to arbitration. Plaintiff's argument is self-defeating in that it would logically lead to the conclusion that his claim has not accrued to this date. See also, supra, note 2. With respect to plaintiff's first alternative, plaintiff impliedly argues that in adopting the six (6)-month period of limitation in section 10(b) for hybrid section 301/fair representation claims, the Supreme Court in DelCostello also adopted the full panoply of section 10(b) N.L.R.B. procedures as conditions precedent to such suits. This Court cannot find support for plaintiff's argument in either the language or rationale of the Supreme Court's opinion in DelCostello.
Accordingly, this Court finds that plaintiff's claims in Count I accrued, at the *1247 latest, on or about May 27, 1982, and that such claims are barred by the applicable six (6)-month period of limitations. Defendants' motions for summary judgment be and are granted.
Plaintiff's remaining Count II is a state law claim over which this Court lacks original jurisdiction. Under 28 U.S.C. § 1441(c) this Court has discretion to "remand all matters not otherwise within its original jurisdiction." Therefore, plaintiff's only remaining count, Count II, be and is remanded to the Circuit Court of the City of St. Louis, State of Missouri.
NOTES
[1] In paragraph 9 of plaintiff's complaint the date is described as a few days after "March 25, 1983." However, it is clear from other allegations in the complaint and the memoranda of the parties that March 25, 1982, is what was intended.
[2] Prior to DelCostello, the period of limitations for vacating arbitration awards would have applied from the time plaintiff's claims accrued under federal law, even though plaintiff's grievance was never in fact taken to arbitration. Hunt v. Missouri Pacific R.R., 561 F.Supp. 310, 314 (E.D.Ark.1983); Stahlman v. Kroger Co., 542 F.Supp. 1118, 1120 (E.D.Mo.1982).

R.S.Mo. § 435.405.2 applies to all contracts entered into after August 13, 1980. Stahlman, 542 F.Supp. at 1120 n. 1. The contract in this case was entered into on December 1, 1980.