2005 UT App 325

Melany ZOUMADAKIS, Plaintiff and Appellant,

v.

UINTAH BASIN MEDICAL CENTER, INC.; Dr. Mark Mason, Lloyd Nielson, and Carolyn Smith, individuals; and John Does 1–10, Defendants and Appellees.

No. 20040542–CA.

Court of Appeals of Utah.

July 21, 2005.

Jay L. Kessler, Magna, for Appellant.

Carolyn Cox, Holme Roberts & Owen LLP, Salt Lake City, for Appellees.

Before Judges JACKSON, ORME, and THORNE, Jr.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Appellant Melany Zoumadakis contends that the trial court erroneously dismissed her complaint alleging defamation, intentional infliction of emotional distress, and tortious interference with an employment contract on Appellees' (collectively, "Uintah") rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. "We review the district court's grant of a motion to dismiss for correctness, accepting as true the factual allegations of the complaint and drawing all inferences in the plaintiff's favor." *Hunter v. Sunrise Title Co.*, 2004 UT 1, ¶ 6, 84 P.3d 1163. For the reasons stated below, we affirm in part and reverse in part.

¶ 2 First, we disagree with the trial court that Zoumadakis's complaint was not sufficiently pleaded so as to withstand Uintah's motion to dismiss. The trial court ruled that Zoumadakis's complaint for defamation was not pleaded with particularity as required because the general statements referred to in her complaint did not inform Uintah when, where, and to whom the statements were made.

"Rule 8(a)(1) of the Rules of Civil Procedure ... requires that a pleading set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Williams v. State Farm Ins. Co.*, 656 P.2d 966, 970 (Utah 1982) (quoting Utah R. Civ. P. 8(a)(1)). It is important to also note

> that the fundamental purpose of our liberalized pleading rules is to afford parties "the privilege of presenting whatever legitimate contentions they have pertaining to their dispute," subject only to the requirement that their adversary have "fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved."

*Id.* at 971 (citations omitted). As a result, "these principles are applied with great liberality in sustaining the sufficiency of allegations stating a cause of action or an affirmative defense." *Id.*

¶ 3 In the context of defamation, "[a]n allegation of 'certain derogatory and libelous statements' is insufficient; a complaint for defamation must set forth 'the language complained of ... in words or words to that effect[.]'" *Id.* (ellipsis in origi-

nal) (emphasis omitted) (quoting *Dennett v. Smith*, 21 Utah 2d 368, 445 P.2d 983, 984 (1968)). However, there is no Utah law directly requiring that the complaint also allege with complete specificity when, where, to whom, or by whom, the alleged defamatory statements were made in order to withstand a motion to dismiss for failure to state a claim.[1] *See Boisjoly v. Morton Thiokol, Inc.*, 706 F.Supp. 795, 800 (D.Utah 1988) (acknowledging there is no controlling Utah law requiring a complaint to allege when, where, and to whom defamatory statements have been made). In fact, Utah law requires a defamation complaint to be dismissed for lack of particularity only where it contains nothing more than general, conclusory allegations of defamation. *See Dennett v. Smith*, 21 Utah 2d 368, 445 P.2d 983, 984 (1968).[2]

¶ 4 We conclude that Zoumadakis's complaint does not set forth conclusory allegations such as those that appear in *Dennett*, nor does it "shroud[ ] in mystery" the statements she intends to rely upon to support her claim of defamation. *Id.* On the contrary, her complaint clearly alleges "the language complained of ... in words or words to that effect." *Id.* (emphasis omitted). Her complaint is thus a far cry from the conclusory nature of the allegations condemned in *Dennett. See id.*

■ ¶ 5 Nevertheless, the trial court also concluded that even if the allegations were sufficient, Zoumadakis's claim of defamation fails because the alleged defamatory statements are subject to a qualified privilege. Uintah contends that we should uphold the trial court's ruling because Zoumadakis failed to include in her complaint allegations of malice, to rebut the privilege. We disagree. While Utah law recognizes a qualified privilege of the sort Uintah raises as a defense to Zoumadakis's claim of defamation, *see Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 58 (Utah 1991), in the posture the trial court dismissed her defamation claim, i.e., on a rule 12(b)(6) motion for failure to state a claim, the trial court jumped the gun in concluding the privilege was dispositive.[3]

■ ¶ 6 A qualified or conditional privilege is an affirmative defense to defamation that a defendant must raise in its answer. *See* Utah R. Civ. P. 8(c) (placing the burden of pleading "any ... matter constituting an avoidance or affirmative defense" on the party "pleading to a preceding pleading"); *Brehany*, 812 P.2d at 58–59 (treating a qualified privilege as an affirmative defense that plaintiff "did not have to anticipate ... in her complaint"); Restatement (Second) of Torts § 613(2) (1977) ("In an action for defamation the defendant has the burden of proving ... the presence of the circumstances necessary for the existence of a privilege to publish the defamatory communication."). Thus, the burden of pleading the inapplicability of a qualified privilege is not initially on the plaintiff as a prerequisite to stating a claim for defamation; instead, the defendant must first raise privilege as an affirmative defense in a re-

1. A motion for a more definite statement is available if a defendant feels it needs a more detailed recitation of a plaintiff's claim before it can respond intelligently. *See* Utah R. Civ. P. 12(e); *Whipple v. American Fork Irrigation Co.*, 910 P.2d 1218, 1222 n. 3 (Utah 1996) (noting "that when a complaint states a claim in general language but the factual allegations are so vague and ambiguous that the defendant cannot draft an answer, the proper course of action is to move for a more definite statement under rule 12(e), not to move for dismissal").

2. In *Dennett v. Smith*, 21 Utah 2d 368, 445 P.2d 983 (1968), the Utah Supreme Court affirmed the dismissal of the plaintiff's complaint because the plaintiff had only alleged that the " 'defendant made, declared and published to certain persons certain derogatory and libelous statements relating and pertaining to the plaintiff which tended to degrade and discredit him.' " *Id.* at 984 (cita-

tion omitted). The Court held "that such allegation does not accord with the letter and spirit of Rule 8, Utah Rules of Civil Procedure, common law rules of pleading, or the most liberal of any other rules of pleading." *Id.* Thus, "in defamation cases a certain degree of specificity is an essential in pleadings" because "the defendant should not be required to resort to the ofttimes expensive discovery process to drag from a litigant what he really intends to do to his adversary by a vehicle shrouded in mystery." *Id.*

3. The trial court concluded that the statements Zoumadakis claims were defamatory are protected by a qualified privilege and that Zoumadakis only "attempt[ed] to rebuff the privilege" in her complaint "by claiming the statements were untrue." The trial court ruled that "the privilege is not defeated even if the statements were false."

sponsive pleading in order to shift the burden to the plaintiff to show the inapplicability of a qualified privilege. *See Brehany,* 812 P.2d at 59 (recognizing that plaintiff "did not have to anticipate an affirmative defense in her complaint" in order to later assert that a qualified privilege was abused); Restatement (Second) of Torts, § 613(1)(h) (stating that "[i]n an action for defamation the plaintiff has the burden of proving, *when the issue is properly raised,* ... (h) the abuse of a conditional privilege") (emphasis added). *See also United States v. Lewis,* Nos. 03–2734 & 03–3427, 411 F.3d 838, 842 (7th Cir.2005) (stating that "complaints do not have to anticipate affirmative defenses to survive a motion to dismiss" unless "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"); *Lowther v. Hopper Truck Lines,* 92 Ariz. 344, 377 P.2d 192, 193 (1962) (stating that "it is not incumbent upon the party filing a complaint to anticipate an affirmative defense which the answer may disclose").[4]

¶ 7 Thus, in *Brehany,* a case where the defendant employer raised the qualified privilege defense to combat the plaintiff's claim of defamation, the Utah Supreme Court rejected the defendant's argument that the plaintiff had "waived the issue of malice by failing to allege malice in her amended complaint."[5] 812 P.2d at 59. Accordingly, we are persuaded that Zoumadakis's failure to set forth any allegation in her complaint that a qualified privilege applied and that the privilege had been abused because "defendant[s] acted with malice or that the publication of the defamatory material extended beyond those who had a legally justified reason for receiving it," *id.* at 58, is not fatal in the context of a motion to dismiss for failure to state a claim. Consequently, we reverse the dismissal of Zoumadakis's defamation claim.

■■■■ ¶ 8 Zoumadakis's claim of intentional infliction of emotional distress fails because her termination, even coupled with the statements she claims were made about her, does not constitute the kind of outrageous conduct required to support the cause of action. *See Russell v. Thomson Newspapers, Inc.,* 842 P.2d 896, 905 (Utah 1992). Even if the statements made about her were false, derogatory statements alone do not give rise to a claim of intentional infliction of emotional distress. *See Bennett v. Jones, Waldo, Holbrook & McDonough,* 2003 UT 9, ¶ 64, 70 P.3d 17. Moreover, Utah courts have repeatedly rejected plaintiffs' claims of inten-

**4.** There are Utah cases reciting that "[t]o state a claim for defamation, [plaintiffs] must show that defendants published the statements concerning [them], that the statements were false, defamatory, *and not subject to any privilege,* that the statements were published with the requisite degree of fault, and that their publication resulted in damage." *West v. Thomson Newspapers,* 872 P.2d 999, 1007–08 (Utah 1994) (emphasis added) (footnotes omitted). *See Wayment v. Clear Channel Broad., Inc.,* 2005 UT 25, ¶ 18 n. 2, 116 P.3d 271. However, none of the cases affirmatively hold that the plaintiff must bear the burden of pleading the inapplicability of any and all privilege defenses in the initial complaint or else the defamation claim will be dismissed for failure to state a claim, as occurred in this case. In fact, it is completely incongruous to say that the defendant bears the initial "burden of proving ... the presence of the circumstances necessary for the existence of a privilege to publish the defamatory communication," Restatement (Second) of Torts § 613(2) (1977), while simultaneously requiring the plaintiff, in an initial complaint, to anticipate and plead the inapplicability of any possible privilege or other affirmative defense the defendant may raise. The application of such a require-

ment, in the context of a motion to dismiss for failure to state a claim, prematurely shifts the burden of proof to the plaintiff and in effect relieves the defendant from its burden of proof. If the plaintiff fails to anticipate and rebut any and all possible privilege defenses in her complaint, the defendant simply has to move to dismiss for failure to state a claim under rule 12(b)(6), without ever shouldering the burden of showing that a privilege applies. As a result, we conclude that the *West* and *Wayment* characterization of Utah law more accurately states the proper allocation of the ultimate burden of proof when the affirmative defense of privilege is raised in a defamation case and not the pleading burden of a defamation plaintiff to simply state a claim.

**5.** Nevertheless, the Court affirmed the trial court's decision to grant the defendant's motion for a directed verdict once all the evidence had been presented on the defamation claim because the plaintiff had failed to demonstrate malice *at trial* and thereby show there was a jury issue as to whether the privilege had been defeated. *See Brehany v. Nordstrom, Inc.,* 812 P.2d 49, 59 (Utah 1991) (emphasis added).

tional infliction of emotional distress arising out of an alleged wrongful termination. *See Larson v. SYSCO Corp.*, 767 P.2d 557, 561 (Utah 1989) ("While termination can be an emotionally distressing event in one's life, mere termination alone does not constitute the intentional infliction of emotional distress."); *Sperber v. Galigher Ash Co.*, 747 P.2d 1025, 1028–29 (Utah 1987). Accordingly, we agree that her claim for intentional infliction of emotional distress fails as a matter of law.

¶ 9 Finally, Zoumadakis concedes that the trial court properly dismissed her cause of action for tortious interference with an employment contract because she was an at-will employee, without an employment contract. However, she contends the trial court abused its discretion by not allowing her to amend her complaint to include a claim of wrongful discharge as well as to amend the complaint in several other respects.

¶ 10 We conclude that the trial court was well within the bounds of its discretion to deny her request to amend her complaint, especially as she had adequate time but failed to seek leave to amend her complaint in the manner provided in the rules of civil procedure.[6] *See* Utah R. Civ. P. 15(a). *Cf. Holmes Dev., LLC v. Cook*, 2002 UT 38, ¶¶ 57–59, 48 P.3d 895 (holding it was not error to deny motion for leave to amend when requirement of rule 15 had not been complied with, but request had merely been added at end of a memorandum opposing motion to dismiss).

¶ 11 We remand the case for further proceedings consistent with this decision.

¶ 12 WE CONCUR: NORMAN H. JACKSON and WILLIAM A. THORNE JR., Judges.

---

6. In light of our analysis, it was not necessary for Zoumadakis to amend her complaint to include allegations anticipating and rebutting Uintah's claimed qualified privilege. In fact, the record shows that Uintah has not even properly pleaded privilege as an affirmative defense in answer to Zoumadakis's complaint. *See* Utah R. Civ. P. 8(c). Instead, Uintah raised the issue for the first time in support of its 12(b)(6) motion to dismiss. Raising an affirmative defense, like a qualified privilege, for the first time in a 12(b)(6) motion is not generally appropriate since "dismissal under rule 12(b)(6) is 'justified only when the allegations *of the complaint itself* clearly demonstrate that the plaintiff does not have a claim.'" *Tucker v. State Farm Mut. Auto. Ins. Co.*, 2002 UT 54, ¶ 7, 53 P.3d 947 (citation omitted) (emphasis in original). Thus, "affirmative defenses, which often raise issues outside of the complaint, are not generally appropriately raised in a motion to dismiss under rule 12(b)(6)." *Id.* Consequently, in the context of Uintah's 12(b)(6) motion, the burden of proving the abuse of any *qualified* privilege was not yet on Zoumadakis. The trial court should only have considered whether her complaint stated a claim upon which relief could be granted based on the allegations of the complaint itself, and not based on any possible affirmative defenses. We, of course, conclude Zoumadakis has properly stated a claim for defamation but express no opinion on the applicability of a qualified privilege to the alleged defamatory statements, much less on whether any such privilege has been abused.