Justice PARRISH,
dissenting:
55 While in agreement with the majority's conclusions that Superior did not owe Ms. Hill a duty of care based on theories of contract liability, premises liability, or voluntary undertaking, I respectfully dissent from the majority's holding that Ms. Hill failed to preserve in the district court her argument that Superior's affirmative conduct gave rise to a duty. Ms. Hill argued below that Superior affirmatively created the hazardous condition that caused her accident and she reiterated that argument on appeal. I find the argument persuasive. I would therefore hold that Superior owed a duty to Ms. Hill by virtue of its affirmative acts and would therefore reverse the district court's entry of summary judgment in favor of Superior.
I. MS. HILL ADEQUATELY - PRESERVED HER ARGUMENT THAT SUPERIORS AFFIRMATIVE ACTS CREATED A DUTY
T 56 Generally, an issue must be preserved below before we will consider it on appeal. H.U.F. v. W.P.W., 2009 UT 10, ¶ 25, 203 P.3d 943 ("We will not address an issue if it is not preserved or if the appellant has not established other grounds for seeking review."). But preservation is not meant to be a trap for the unwary, preventing decisions on the merits of otherwise legitimate claims. Rather, preservation is designed to ensure that issues on appeal have been presented to a lower court such that the lower court has had the "opportunity to address the claimed error." Kell v. State, 2012 UT 25, ¶ 11, 285 P.3d 1133 (internal quotations marks omitted). Further, "(olur preservation requirement is self-imposed and is therefore one of prudence rather than jurisdiction." Patterson v. Patterson, 2011 UT 68, ¶ 13, 266 P.3d 828.
157 An issue is sufficiently raised below, and therefore preserved for appeal, when it has been "presented to the district court in such a way that the court has an opportunity to rule on [it]." Id. §12 (alteration in original) (internal quotation marks omitted). An issue may be raised directly or indirectly, so long as it is "raised to a level of consciousness such that the trial judge can consider it." James v. Preston, 746 P.2d 799, 802 (Utah Ct.App.1987). Once an issue has been raised before the district court, the Utah Rules of Appellate Procedure require that, on appeal, an appellant's brief contain a "citation to the record showing that the issue was preserved in the [district] court." Utah R.App. P. 24(a)(5)(A).
158 While Ms. Hill emphasized at the district court her argument that Superior failed to properly cut the grass and make the roots visible, she also presented the alternative argument that it was Superior's own affirmative conduct that had created the stumps that caused her fall. And this alternative argument was also briefed to this court with appropriate citations to the record below.[1]
T59 Ms. Hill's initial complaint was sufficiently broad to encompass her theory that Superior owed a duty because its affirmative conduct was responsible for the creation of the hazard. Rule 8(a)(1) of the Utah Rules of Civil Procedure requires only that a plaintiff set forth "a short and plain ... statement of the claim showing that the party is entitled to relief" in her complaint. Under rule 8, a plaintiffs complaint must only provide "fair notice of the nature and basis or grounds of the claim and a general indication *1066 of the type of litigation involved." Zoumadakis v. Uintah Basin Med. Ctr., Inc., 2005 UT App 325, ¶ 2, 122 P.3d 891 (internal quotation marks omitted). Ms. Hill's complaint stated that Superior "failed to properly mow ... the Common Area so as to prevent the roots, stumps, and shoots from causing [Ms. Hill] to trip and fall." Though general, this statement is broad enough to encompass Ms. Hill's argument that Superi- or's affirmative practice of repeatedly mowing the tree shoots over a period of years was negligent and actually created the growths over which she tripped. In the context of rule 8's liberalized pleading rules, this statement therefore provided Superior fair notice that its affirmative acts were at issue and led to Ms. Hill's injuries. Id.
T 60 Ms. Hill next asserted the affirmative conduct theory in her testimony. In her Declaration, filed in opposition to Superior's motion for summary judgment, Ms. Hill testified that she "observed that there were rigid 'stumps' or clumps of sticks that appeared to have resulted from [Superior] repeatedly mowing down new shoots." [2]
61 Ms. Hill raised the argument again in her memorandum opposing Superior's motion for summary judgment. There, she argued that "there were rigid 'stumps' or clumps of sticks that appeared to have resulted from repeatedly mowing down new shoots." (Emphasis added.) Ms. Hill also argued that because Superior had created the dangerous condition, it owed her a duty of care. She stated that "[bly virtue of its deficient ... maintenance ... Superior created a more dangerous situation than what existed previously." Finally, in her supplemental brief filed in support of her own motion for summary judgment, Ms. Hill argued that she "believed the sticks to be the remnants of tree growths or 'suckers' that resulted from repeated mowing and other attempted maintenance by [Superior]."
T 62 In short, Ms. Hill clearly raised below her theory that Superior owed her a duty of care as a result of its affirmative acts of negligently mowing the tree growths over a period of years. And the fact that Ms. Hill may have emphasized her theories arising from Superior's omissions, rather than her alternative theory of Superior's affirmative conduct, does not preclude our review of the issue. Our preservation jurisprudence does not dictate that only "emphasized" arguments made below are preserved. Rather, it requires only that an issue be "presented" to the district court. See Kell, 2012 UT 25, ¶ 11, 285 P.3d 1133; Patterson, 2011 UT 68, ¶ 12, 266 P.3d 828; James, 746 P.2d at 802. I conclude that the issue of Superior's affirmative negligence was sufficiently presented to the district court. For that reason, I would hold that Ms. Hill adequately preserved her argument that Superior's affirmative acts gave rise to a duty.
IL - SUPERIOR WAS REQUIRED TO ACT REASONABLY
1 63 Believing that the affirmative conduct issue was adequately preserved, I next turn to the merits. The distinction between an act and an omission is central to the assessment of any duty owed to one party by another. Outside of certain special relationships (including those of parent and child, spouses, common carriers and passengers, innkeepers and guests, and possessors of land and invitees), no duty is owed by one party to another for omissions. Webb v. Univ. of Utah, 2005 UT 80, ¶ 10, 125 P.3d 906. On the other hand, an affirmative act "carries with it a potential duty and resulting legal accountability for that act." Id.; see also Jeffs ex rel. B.R. v. West, 2012 UT 11, ¶ 21, 275 P.3d 228 ("[We all have a duty to exercise care when engaging in affirmative conduct that creates a risk of physical harm to others.").
T 64 Here, Superior tended and cared for the common areas of Waterbury. Superior's actions in repeatedly mowing down the tree growths, which led the growths to convert from flexible single, vertical growths into unyielding, horizontal, clustered stumps is the type of affirmative conduct that has the potential to create a risk of physical harm. Superior's affirmative acts in repeatedly mowing down the growths and shoots estab *1067 lished a legal duty to account for the consequences of any injuries suffered as a result of any failure to perform those acts in a reasonable and safe manner.
T65 Although Superior's affirmative acts established a duty of reasonable care, I do not necessarily conclude that its actions were objectively unreasonable. It may have been perfectly reasonable to simply mow over these kinds of tree growths in the course of lawn maintenance. But that is a question for the finder of fact.
T66 Ms. Hill's claims were dismissed by the district court on summary judgment. On summary judgment, "the standard is not whether these parties' minds differ-which they obviously do-but whether reasonable jurors, having been properly instructed by the [district] court, would be unable to come to any other conclusion." USA Power, LLC v. PacifiCorp, 2010 UT 31, ¶ 32, 235 P.3d 749 (internal quotation marks omitted). The facts here do not suggest that a reasonable juror could come to only one conclusion regarding the reasonableness of Superior's affirmative actions in repeatedly mowing down the shoots. I believe that summary judgment was therefore inappropriate. I would reverse the summary judgment on Ms. Hill's theory that Superior negligently undertook its mowing responsibilities and remand the case for a determination on the merits of that theory.

. The issue was contained in Ms. Hill's brief on pages 1, 2, and 10 with citations to record pages 223-541 (memorandum in opposition to Superi- or's motion for summary judgment); 1009-35 (supplemental brief in support of motion for summary judgment); 387, 113 (declaration by Hill); and in 644a (video deposition of Ms. Hill).

. This testimony was consistent with her deposition testimony that "[when [Superior] mowed [the roots] down even with the lawn, they were even with the lawn. Sometimes they would grow faster than the lawn and they would be higher than the lawn."