2020 UT App 1

# THE UTAH COURT OF APPEALS

FIRST INTERSTATE FINANCIAL LLC AND PAUL THURSTON,
Appellants,
*v.*
SCOTT SAVAGE AND
SAVAGE YEATES AND WALDRON PC,
Appellees.

Opinion
No. 20180660-CA
Filed January 3, 2020

Third District Court, Salt Lake Department
The Honorable Mark S. Kouris
No. 170906637

Karra J. Porter, Scott Evans, Erika Larsen, and
Kristen C. Kiburtz, Attorneys for Appellants

Andrew M. Morse, R. Scott Young, and Adam M.
Pace, Attorneys for Appellees

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES DAVID N. MORTENSEN and JILL M. POHLMAN
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     First Interstate Financial LLC and Paul Thurston (collectively, Plaintiffs) appeal the district court's dismissal of their complaint against Scott Savage and Savage Yeates and Waldron PC (collectively, Savage[1]), as well as its denial of their

---

1. While a number of actions mentioned in this decision involved both Scott Savage and his law firm, for simplicity, we refer to Savage individually in discussing both his actions and those of his law firm.

motion to amend their complaint. We reverse and remand for further proceedings.

BACKGROUND

¶2     In April 2009, Plaintiffs retained Savage to defend them in a lawsuit filed against them in Utah by McGillis Investments Company. During the discovery period on this lawsuit, Plaintiffs collected and produced approximately 19,000 documents, which Savage intended to present as exhibits at trial. However, Savage failed to comply with the pretrial disclosure requirements of rule 26(a) of the Utah Rules of Civil Procedure, and as a result, the trial court struck "substantially all" the exhibits Savage intended to use to defend Plaintiffs at trial.

¶3     The case proceeded to trial, and the jury entered a verdict against Plaintiffs on October 22, 2010, which included a $1,250,000 judgment. Plaintiffs paid the judgment, as well as $700,000 in legal fees to Savage. Subsequently, McGillis filed a second suit against Plaintiffs in Colorado, which went to trial in June 2014. At trial in that case, "McGillis was allowed to make references to the Utah case." The Colorado jury ultimately found against Plaintiffs as well and entered judgment "in the amount of $1,450,000 and property worth $400,000."

¶4     Plaintiffs filed a complaint against Savage on October 17, 2017, alleging legal malpractice, breach of contract, and breach of fiduciary duty. The complaint alleged that Savage did not tell Plaintiffs the exhibits had been stricken until just before trial, that he told them "not to worry" about the stricken exhibits because he could rely on the other party's exhibits at trial, and that he assured them the trial court had erred in striking the exhibits and its decision would be overturned on appeal. It further alleged that Savage did not inform Plaintiffs that the exhibits were stricken due to his failure to comply with the

pretrial disclosure requirements of rule 26(a) and that Plaintiffs did not learn of his failure until June 2014.

¶5    Savage moved to dismiss Plaintiffs' complaint on the ground that the statute of limitations on their malpractice claims had expired. Savage asserted that the statute of limitations on Plaintiffs' claims began to run on October 22, 2010, when the verdict was entered against them in Utah, and that pursuant to the four-year limitations period on legal malpractice claims, *see* Utah Code Ann. § 78B-2-307 (LexisNexis 2018), their claims expired on October 22, 2014. Savage further asserted that the statute of limitations was not tolled, because Plaintiffs admitted that they discovered the facts giving rise to their claims in June 2014, within the limitations period.

¶6    In response to Savage's motion, Plaintiffs sought to amend their complaint to include additional allegations relevant to the tolling issue:

> 36.    At the time Plaintiffs first heard of Savage's failure, Savage was still representing Plaintiffs.
>
> 37.    When Plaintiffs first learned of Savage's failure, they did not know that such failure amounted to legal malpractice.
>
> 38.    Furthermore, they could not discover their legal malpractice claim because they were still being represented by Savage and the severity of Savage's failures was still being concealed by Savage.
>
> 39.    However, Plaintiffs later retained independent counsel not associated with Savage to work on appellate matters related to verdicts against them in April of 2016.

> 40. At this time, with the direction of independent counsel, Plaintiffs first learned the significance of Savage's failure, and they began investigating potential malpractice claims against [Savage] . . . .

Plaintiffs did not dispute that the statute of limitations began to run as of October 22, 2010, but argued that the statute of limitations should be tolled under the fraudulent concealment doctrine. They asserted that "despite learning about the factual circumstance giving rise to their legal malpractice claim" in June 2014, "Plaintiffs acted reasonably not fully understanding the legal significance of Savage's failure, and therefore, they acted reasonably in not filing suit immediately." Because "they acted reasonably in light of [Savage's] fraudulent concealment," Plaintiffs maintained that the statute of limitations should be tolled until June 2018, four years after they first discovered the facts underlying their claim.

¶7 Following oral argument on the motions, the district court rejected Plaintiffs' arguments. In reviewing the applicable facts, the court expressly referenced both the complaint and the proposed amended complaint. The court took judicial notice of Colorado court documents indicating that "Savage 'formally withdrew on May 13, 2014' as counsel for Plaintiffs." It determined that "the concealment doctrine does not apply" because "there is no allegation or evidence that Savage did anything to conceal the alleged error or dissuade Plaintiffs from filing suit in the four months between the time Plaintiffs allege they learned of the error and the statute of limitations ran." It also recognized Savage's assertion that he had "stopped working for Plaintiffs, at their request, on June 4, 2013." The district court stated in its Order, "Although Plaintiffs did not plead this in their Complaint or Proposed Amended Complaint, they did not dispute it in their Reply Memorandum in Support of Motion for Leave to File an Amended Complaint or at oral argument." The

court further determined that "Plaintiffs had ample time to file their lawsuit after learning of the alleged error" and that they had "not asserted any facts that prevented them from doing this." Accordingly, the district court granted the motion to dismiss and denied Plaintiffs' motion to amend their complaint.

## ISSUES AND STANDARDS OF REVIEW

¶8     Plaintiffs assert that the district court erred in dismissing their complaint and in denying their motion to amend the complaint. "Because the propriety of a motion to dismiss is a question of law, we review for correctness, giving no deference to the decision of the trial court." *Krouse v. Bower*, 2001 UT 28, ¶ 2, 20 P.3d 895. In doing so, "we accept the factual allegations in the complaint as true and consider them, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party." *Id.* Further, while we generally "will not disturb a trial court's ruling on a motion to amend a complaint absent a clear abuse of discretion," *Neztsosie v. Meyer*, 883 P.2d 920, 922 (Utah 1994), where a motion to amend is denied on the basis that the complaint cannot withstand a motion to dismiss, we "review the trial court's underlying determination regarding the legal sufficiency of the claim for correctness," *Shah v. Intermountain Healthcare, Inc.*, 2013 UT App 261, ¶ 6, 314 P.3d 1079.

## ANALYSIS

¶9     Plaintiffs do not defend the sufficiency of their original complaint on appeal. They assert, however, that the facts in their proposed amended complaint provided a sufficient basis to preclude dismissal on statute-of-limitations grounds. We agree with Plaintiffs. While the district court did not expressly so state, we can only conclude on this record that the court denied the motion to amend the complaint on the basis that the proposed

amendment would have been futile. The district court gave no other basis for its denial, and it expressly considered the additional facts asserted in the proposed amended complaint in deciding whether Plaintiffs' claims were barred by the applicable statute of limitations.

¶10　A complaint "does not fail to state a claim unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." *Mack v. Utah State Dep't of Commerce*, 2009 UT 47, ¶ 17, 221 P.3d 194 (quotation simplified).[2] And it "is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss." *Jensen v. IHC Hosps. Inc.*, 2003 UT 51, ¶ 139, 82 P.3d 1076 (quotation simplified). We conclude that the proposed amended complaint stated sufficient facts to survive a motion to

---

2. Although not argued here, we recognize that Savage's statute-of-limitations argument is an affirmative defense. Utah R. Civ. P. 8(c). Plaintiffs are not generally required to anticipate a statute-of-limitations defense by pleading facts establishing that a statute was tolled. *See Brehany v. Nordstrom, Inc.*, 812 P.2d 49, 59 (Utah 1991); *accord Zoumadakis v. Uintah Basin Med. Center, Inc.*, 2005 UT App 325, ¶¶ 6–7, 122 P.3d 891. We recognize that myriad cases sustain a court's ability to grant a motion to dismiss on the basis of a statute-of-limitations defense. However, in these cases, facts sufficient to prove the defense were found in the operative complaint. *See Young Res. Ltd. P'ship v. Promontory Landfill LLC*, 2018 UT App 99, ¶ 25, 427 P.3d 457. These cases do not change the reality that where defendants allege facts beyond the complaint to support a motion to dismiss, district courts would be well-advised to convert motions to dismiss into motions for summary judgment, as expressly allowed in the rule, so that matters outside the operative complaint might be properly considered. *See* Utah R. Civ. P. 12(b).

dismiss and therefore was not futile. As a result, we conclude that the motion to amend should have been granted and the motion to dismiss the action should have been denied.

¶11    In *Russell Packard Development, Inc. v. Carson*, 2005 UT 14, 108 P.3d 741, our supreme court outlined various circumstances for which a statute of limitations may be tolled. The circumstance at issue in this case is the fraudulent concealment branch of the equitable discovery rule. The fraudulent concealment rule operates to toll a statute of limitations "where a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct." *Id.* ¶ 25 (quotation simplified). This rule itself has two variants—one in which the discovery of the cause of action occurs after the statute of limitations has expired and one in which the discovery occurs before. *Id.* ¶¶ 29–30. When the cause of action is discovered before the relevant statute of limitations has expired, as occurred in this case, "a plaintiff must show that, given the defendant's actions, the plaintiff acted reasonably in failing to file suit before the limitations period expired." *Id.* ¶ 30.

¶12    As a threshold matter, we observe that the district court's ruling appears to have misconstrued the showing that must be made by a plaintiff attempting to toll the running of the limitations period where discovery of the facts underlying the cause of action occurs before the limitations period expires. The district court determined that "the concealment doctrine does not apply" in this case because "there is no allegation or evidence that Savage did anything to conceal the alleged error or dissuade Plaintiffs from filing suit *in the four months between the time Plaintiffs allege they learned of the error and the statute of limitations ran*." (Emphasis added.) In other words, the court did not believe that any actions by Savage alleged to have taken place before Plaintiffs discovered their cause of action were relevant to whether the limitations period was tolled; rather, the court expected Plaintiffs to show that Savage actively engaged in

fraudulent concealment after they had discovered their claim for the purpose of hindering their pursuit of the claim within the remaining limitations period. This is not a proper application of the rule. While a plaintiff must show that "*given the defendant's actions*, the plaintiff acted reasonably in failing to file suit before the limitations period expired," *id.* (emphasis added), we do not read *Russell Packard* as necessarily requiring active concealment by the defendant after the plaintiff discovers the facts underlying the cause of action, *see id.* ¶¶ 41–43 (determining that the reasonableness of the plaintiffs' actions following discovery of the facts underlying their claims could not be determined as a matter of law, even though the plaintiffs did not allege that the defendants engaged in fraudulent concealment after the spring of 2000, when the plaintiffs began to discover the facts underlying their claim). The district court therefore erred in declining to consider allegations of concealment occurring prior to June 2014 in assessing the reasonableness of Plaintiffs' actions.

¶13    We next turn to the question of whether, given all of Savage's alleged actions, Plaintiffs "acted reasonably in failing to file suit before the limitations period expired." *Id.* ¶ 30. "To make this showing, a plaintiff must demonstrate that a reasonably diligent plaintiff would not necessarily have filed a complaint within the limitations period; or said another way, that a reasonable plaintiff may have delayed in filing his or her claim until after the limitations period expired." *Id.*; *see also Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, ¶ 39, 156 P.3d 806 ("[A] party seeking to take advantage of the rule must act in a reasonable and diligent manner."). "[W]eighing the reasonableness of the plaintiff's conduct in light of the defendant's steps to conceal the cause of action necessitates the type of factual findings which preclude [judgment as a matter of law] in all but the clearest of cases." *Berenda v. Langford*, 914 P.2d 45, 54 (Utah 1996); *accord Russell Packard*, 2005 UT 14, ¶ 39.

¶14    Plaintiffs' amended complaint asserted (1) that their ongoing attorney–client relationship with Savage precluded them from timely filing their claim and (2) that based on Savage's representations and statements regarding the significance of the exhibits, they did not understand that Savage's error amounted to legal malpractice. Savage asserts that Plaintiffs' factual allegations as pleaded in their complaint and amended complaint are insufficient to toll the statute of limitations because, contrary to Plaintiffs' assertion, Savage had concluded his representation of Plaintiffs before June 2014 and because Plaintiffs' ignorance of the legal significance of the facts cannot be a basis for tolling the statute of limitations. We disagree.[3]

¶15    In ruling on a motion to dismiss, the court must "accept the factual allegations in the complaint as true and interpret those facts, and all reasonable inferences drawn therefrom, in a light most favorable to the plaintiff as the nonmoving party." *Russell Packard*, 2005 UT 14, ¶ 34. Although "[t]he district court may take judicial notice of public records and may thus consider them on a motion to dismiss," *BMBT, LLC v. Miller*, 2014 UT App 64, ¶ 6, 322 P.3d 1172 (quotation simplified), the court was still required to accept Plaintiffs' factual allegations as true. The amended complaint asserted that Plaintiffs were hindered in recognizing and pursuing their malpractice claim because Savage continued to represent them and to be involved in their litigation. The amended complaint does not provide details regarding the ongoing relationship between Savage and Plaintiffs, but the mere fact that Savage withdrew as counsel in

---

3. We also note that it was improper for the district court to attach any significance to Plaintiffs' failure to rebut Savage's factual assertions—specifically that Savage "stopped working for Plaintiffs, at their request, on June 4, 2013"—that are not found in Plaintiffs' proposed amended complaint.

the Colorado case around this time does not demonstrate that their attorney–client relationship was terminated altogether or that he was not continuing to consult with them on other matters.

¶16 Further, Plaintiffs' allegation that Savage's actions precluded them from understanding the legal significance of their claims is relevant to an inquiry into the reasonableness of their actions in this case. Savage accurately points out that it is "the discovery of facts forming the basis for the cause of action" that is relevant to the tolling of the statute of limitations, not the legal significance of those facts, and that "[m]ere ignorance of the existence of a cause of action will neither prevent the running of the statute of limitations nor excuse a plaintiff's failure to file a claim within the relevant statutory period." *Russell Packard*, 2005 UT 14, ¶¶ 20–21. However, Plaintiffs alleged that Savage led them to believe that they lacked a cause of action because he told them that the exclusion of the exhibits would not hurt their case. In other words, accepting Plaintiffs' allegations as true, they did not delay pursuing their cause of action out of mere ignorance; they delayed as a result of misinformation allegedly provided by Savage.[4]

---

4. Savage also asserts that Plaintiffs' lack of investigation after discovering Savage's failure requires us to determine that they were not reasonably diligent as a matter of law. In doing so, he relies on our supreme court's holding in *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, 156 P.3d 806, that a plaintiff cannot be "excused from the due diligence requirement simply by alleging that any investigation into the culpability of the . . . defendants would have been futile." *Id.* ¶ 47. But Plaintiffs have not alleged that investigation would have been futile; rather, they allege that Savage's false representations led them to believe that there was nothing to investigate. And this

(continued…)

¶17 While four months may be "ample time" for a plaintiff to file a lawsuit under some circumstances, we cannot say, as a matter of law, that Plaintiffs did not act with reasonable diligence in this case. Accepting the allegations in Plaintiffs' amended complaint, it is reasonable to infer that Savage's misrepresentations led Plaintiffs to believe that they could not pursue a malpractice claim, despite knowing of the facts underlying that cause of action, and that Plaintiffs were not in a position to file a suit against Savage during those four months by engaging another attorney because of their continuing relationship with Savage. We simply do not view this as the "clearest of cases." *See Berenda*, 914 P.2d at 54. Because the amended complaint alleged facts sufficient to withstand a motion to dismiss, the district court erred in dismissing Plaintiffs' claims and in denying their motion to amend their complaint.

CONCLUSION

¶18 Because Plaintiffs' amended complaint alleged facts sufficient to show that they acted reasonably in failing to file

---

(…continued)
precise circumstance was recognized by the *Colosimo* court as a circumstance where lack of investigation may nevertheless be reasonably diligent: "[W]here a plaintiff has made inquiry and then been misled by the defendants, he has raised sufficient evidence of the futility of further investigation to survive summary judgment." *Id.* ¶ 48. Savage's alleged misrepresentation regarding the impact the exhibits' exclusion had on Plaintiffs' case could well have influenced Plaintiffs' delay in filing suit before the limitations period expired, and we therefore cannot say that Plaintiffs were not reasonably diligent as a matter of law under the circumstances presented here.

their complaint within the limitations period in light of Savage's alleged fraudulent concealment, the district court erred in denying the motion to amend the complaint and dismissing the action. We therefore reverse and remand for further proceedings.

———————